

THOMAS M. HOOPES
Email: thoopes@libbyhoopes.com

June 6, 2019

Dustin Chao
Christine Wichers
Assistant United States Attorneys
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

      **RE:**    ***United States v. Shelley M. Richmond Joseph***
              ***Crim. No.: 19-cr-10141-LTS***

Dear Counsel:

      Pursuant to Local Rule 116.3(a), the defendant Shelley M. Richmond Joseph requests that the government provide discovery as follows:

**I.**      **Pursuant to F. R. Crim. P. 16**

      1.      The government has represented that it has provided or has made available for inspection any and all written or recorded statements of the defendant pursuant to Rule 16(a)(1)(A) and (B), any prior criminal record pursuant to Rule 16(a)(1)(D), documents and tangible objects pursuant to Rule 16(a)(1)(E), and reports of examinations and tests pursuant to Rule 16(a)(1)(F).

      2.      The government has agreed to provide notice of any ***expert witness*** testimony pursuant to Rule 16(a)(1)(G) at least thirty (30) days before trial. The defendant requests that the notice include: (1) the name, address and telephone number of the witness; (2) the qualifications of the witness; (2) the subject matter of the witness's opinion; (3) a written summary of the testimony the government intends to proffer at trial under Fed. R. Evid. 702, 703, or 705 with any such summary describing *in detail* the witness's opinion(s), as well as each basis and/or reason therefore.

**II.**      **Pursuant to Local Rule 116.1 and 116.2**

      3.      The defendant Joseph is also confirming that the government has represented that it has provided any search material pursuant to Local Rule 116.1(c)(1)(B), electronic surveillance pursuant to Local Rule 116.1(c)(1)(C), consensual interceptions pursuant to Local Rule 116.1(c)(1)(D), unindicted coconspirator



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 2

information pursuant to Local Rule 116.1(c)(1)(E), identifications pursuant to Local Rule 116.1(c)(1)(F), and any exculpatory evidence as required pursuant to Local Rule 116.2((b)(1).

    4.    Regarding *exculpatory evidence* (*see* 116.2(b)(1)(C)), the defendant Joseph is specifically requesting the following additional discovery regarding certain witnesses in the government's case-in-chief:

    a.    Any oral or written promises made by the United States Attorney's Office or any other government agency to "A.S.," as he is denoted in the Indictment, regarding: (1) his immigration status – past, present, or future; (2) his present detention status – that is, why he is not in custody at present if that is in fact his status; (3) any intention not to prosecute him for any federal crimes or offenses – past, present, or future; (3) any intention to facilitate his return to the Newton District Court to face the pending state charges there.

    b.    Any oral or written promises made by the United States Attorney's Office or any other government agency to "A.S.," as he is denoted in the Indictment, regarding prosecuting or not prosecuting his family or friends who may have participating in formulating the so-called conspiracy with the Defense Attorney, as he is denoted in Paragraph 26 of the Indictment.

    c.    Any oral or written promises made by the United States Attorney's Office or any other government agency to the Defense Attorney, as he is denoted in Paragraph 26 of the Indictment, as to whether there is any intention to prosecute the Defense Attorney for his role as a Co-Conspirator in establishing an initial agreement with the court officer (apparently <u>preceding</u> any contact with the defendant Joseph) that the court officer would use his security access card to release A.S. out the rear sally-port exit in order for A.S. to evade detainment by the ICE Office at the NDC Courthouse – and facilitating the agreement's completion.

    d.    Any oral or written promises by the United States Attorney's Office or any other government agency to the Defense Attorney as to whether or not the United States Attorney's Office or any



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 3

        government agency will report the Defense Attorney to the Massachusetts Board of Bar Overseers for his role as a Co-Conspirator in establishing an initial agreement with the court officer (apparently preceding any contact with the defendant Joseph) for the court officer to use his security access card to release A.S. out the rear sally-port exit in order for A.S. to evade detainment by the ICE Office at the NDC Courthouse.

    e.    Any information in whatever form (whether by grand jury testimony or by proffer) that tends to cast doubt on the claim in Paragraph 11 of the Indictment that "If a defendant was released from custody, the normal custom and practice in NDC was for the Court Officer to release the defendant from the glass dock on the first floor and out into the Courtroom, which had one public entry/exit that led to the NDC lobby." *See United States v. O'Brien*, 2013 WL 1057929 (Sorokin, M.J.) (D. Mass. 2013).

### III.   Particulars of Allegations

Pursuant to L.R. 116.3(e), please provide the following particulars related to the allegations in the indictment:

    5.    With respect to Paragraph 30 of the Indictment:

        a.    Please describe the manner and means of the alleged agreement, that is, during the 52 second, off-the-record conversation what precisely the Defense Attorney is alleged to have stated to the Defendant Joseph and what precisely the Defendant Joseph is alleged to have stated to the Defense Attorney to give rise to the supposed agreement.

        b.    Similarly, please describe precisely what the ADA is alleged to have stated to the Defendant Joseph and to the Defense Attorney, and precisely what each said in response to the ADA during the same 52 second, off-the-record conversation.

        c.    In the alternative, please provide any Jencks material regarding the Defense Attorney and the ADA.



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 4

### IV.     Other Requests for Discovery

Although the current version of the local discovery rules for this District does not mandate that the government must produce certain forms of exculpatory discovery or so-called Jencks material until 21 days before trial, that is not the practice in all federal jurisdictions, for example by the United States Attorney's Office for New Hampshire. Rather, in an effort to assure that a defendant has a full, fair and adequate opportunity to prepare for trial, these United States Attorney's Offices have required that all discovery, not just certain discovery, be provided to the defense shortly after arraignment (approximately 30 days) – in the same manner as the Massachusetts state courts. Their laudable goal is to avoid the problem articulated in *Owens* ("The failure to provide full disclosure of the government's case early in the proceeding limits a defendant's ability to investigate the background and character of government witnesses and the veracity of their testimony.") *United States v. Owens*, 933 F. Supp. 76 (D. Mass. 1996). The goal in these jurisdictions is to avoid unequal parity in preparation – especially where the United States Attorney's Office investigated this matter for a year prior to indictment – but where this United States Attorney's Office may intend to withhold critical information until that meager twenty-one days before trial – necessitating a rush of preparation by the defense – rather than the full and fair opportunity that due process requires. *See United States v. Snell*, 899 F. Supp. 17 (D. Mass. 1995). *See also, Berger v. United States*, 295 U.S. 78 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but justice shall be done."). Curiously, this United States Attorney's Office has often provided full, even open file, discovery long before the 21 day mark in various criminal cases.

The United States Attorney in this particular case has publicly claimed, perhaps more often than he should (S.J.C. Rule 3:07 RPC 3.6), via post-indictment press conferences, television appearances and speaking engagements, that this case is not about politics but "the rule of law." Consistent with those multiple pronouncements, and given the unprecedented nature of this Indictment, we assume that he and his office would therefore support (and he himself would order) a fair, pretrial process, permitting not just cursory preparation for the defense in determining as to whether any laws have been actually broken but a full and open hearing and trial of that issue – a process which by necessity, as any trial lawyer knows, requires voluntary, early, full disclosure of all relevant materials. By early, since we are well beyond the thirty-day mark post-indictment, any experienced trial lawyer would mean forthwith.



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 5

    Moreover, it would seem all the more important for this United States Attorney's Office to provide early discovery given that, despite the post-indictment protestations of this prosecution being non-political, the United States Attorney himself, just 120 or so days before this Indictment, was quoted as stating – at yet another, live press conference in a slightly different context – "'I have no plans to prosecute judges,' Lelling said." Maria Cramer, *MS-13 'all but eradicated' US Attorney says*, Boston Globe, (Dec. 12, 2018, 9:20 PM). This completely contradictory claim appears to have been made some five weeks after his staff had already interviewed their key witness, the uncharged defense attorney. The public, as well as the defendant, deserve a full and fair hearing to determine the true nature of the case. The best way to assure that full and fair hearing is to provide all exculpatory evidence and Jencks material now so that the defense has an equal amount of time to prepare. Surely this is not a game.

    With that in mind, we therefore make a general request that all discovery be provided forthwith including the exculpatory discovery categories listed in Local Rule 116.2(b)(2)(A)-(G) and so-called Jencks materials (grand jury minutes and other statements) listed in Local Rule 117.1(a)(5).

6.    More particularly, as to exculpatory materials, we request that the following be produced forthwith:

    a.    Given that the government apparently intends to call at trial one or more ICE officers, we request any evidence or communications demonstrating bias by ICE, either by the individual witnesses or by the ICE hierarchy which may have been communicated to the individual witnesses directly or indirectly.

    b.    Given that the government apparently intends to call one or more ICE officers, we request any evidence or communications indicating that ICE officials or officers have been, or may have been, responsible for leaking grand jury information to the press in violation of Fed. R. Crim. P. 6(e). *See* Andrea Estes and Maria Cramer, *Judge's role under investigation after immigrant evades ICE*, Boston Globe, Dec. 2, 2018 at A11 and/ or Andrea Estes, Shelley Murphy and Maria Cramer, *Indicted Newton judge declined plea deal*, Boston Globe, May 24, 2019 at A1.

7.    Additionally, the defendant Joseph requests for the purpose of properly evaluating, preparing and/or presenting a motion for severance:



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 6

    a.    Any grand jury testimony or other statements by either the Defense Attorney or ADA as to any statements allegedly made by the defendant Joseph during the 52 seconds that the NDC tape was turned off;

    b.    Any grand jury testimony or other statements (oral or written) made by the defendant MacGregor to any person as to any reasons as to why he sent A.S. out the sally-port exit.

8. Further, the defendant Joseph requests the preservation and production of any notes taken by government agents and counsel during interviews of government witnesses.

9. Further, given that the defense expects to raise serious and significant legal issues regarding the nature of the offenses charged in the Indictment as applied to the facts of this case, the defendant Joseph requests any instructions given the grand jury concerning the elements of each of these offenses.

10. Finally, the defendant Joseph requests notice of the government's intention to use the Residual Hearsay Exception under Fed. R. Evid. 807. That is, the defendant requests that the government provide notice of any intent to offer a statement, not specifically covered by the hearsay exceptions set forth in Fed. R. Evid. 803(1)-(23) and 804(b)(1)-(4), but allegedly having equivalent circumstantial guarantees of trustworthiness and to further provide notice of the particulars of any such statement, including the name and address of the declarant.

The defendant Joseph reserves the right to supplement these requests, particularly upon receipt after the date of this letter of any additional automatic discovery from the government.

Thank you in advance for your assistance.



AUSA Dustin Chao
AUSA Christine Wichers
June 6, 2019
Page 7

                                      Sincerely,

                                      /s/ *Thomas M. Hoopes*
                                      THOMAS M. HOOPES, ESQ.
                                      DOUGLAS S. BROOKS, ESQ.

TMH/ch