UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| (1)  SHELLEY M. RICHMOND JOSEPH and ) | |
| (2)  WESLEY MACGREGOR ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION
TO EXTEND THE DEADLINE FOR DISPOSITIVE MOTIONS**

The government respectfully requests that the Court deny the defendants' joint motion to extend the deadline for dispositive motions from July 31 to September 6 (Doc. No. 35), because the current two-month deadline is reasonable; indeed it is the deadline requested by Joseph's counsel in the joint status report; and defense counsel have articulated no meritorious basis for an extension beyond what the Court already heard and rejected at the May 30 status conference.

**FACTS**

This case concerns an incident that occurred on April 2, 2018, in the Newton District Courthouse. The facts alleged in the indictment are not complicated. Both defendants are charged with obstruction of justice and conspiracy to obstruct justice. In addition, defendant MacGregor is charged with perjury. The indictment was unsealed on April 25, 2019.

On May 23, the parties filed a joint status report in advance of the May 30 initial status conference. In the report, defendant Joseph asked the Court to set July 31 as the deadline for her dispositive motions. *See* Doc. No. 18, ¶ 4. The government assented to this request. Defendant MacGregor stated in the report that he did not yet know whether he would file any dispositive motions. *See id.*

On the same day that the parties filed their joint status report, MacGregor's new attorney entered her appearance and predecessor counsel withdrew his appearance. *See* Doc. Nos. 19-21.

On May 30, before the status conference began, MacGregor's new counsel asked government counsel if the government would oppose a request for a September 6 deadline for MacGregor's motion(s) to dismiss because, she said, her trial calendar was completely booked all summer. Government counsel responded that the request seemed reasonable in light of counsel's fully booked trial calendar but that the Court would likely reject it because the date was so far out.

During the status conference, MacGregor's attorney asked the Court for additional time beyond the July 31 deadline for MacGregor's motion(s) to dismiss, saying that she was new to the case and had not reviewed the discovery. Counsel for defendant Joseph told the Court that no one wanted an early deadline more than Joseph because Joseph had been suspended without pay. Counsel for both defendants indicated that their motions to dismiss will likely be joint motions. The Court denied MacGregor's request for additional time and set July 31 as the deadline for all dispositive motions. The Court noted that two months was a fair amount of time to prepare motions and that counsel could move for additional time if the July 31 deadline became untenable.[2]

---

[2] Defendant Joseph has retained two law firms in this case: LibbyHoopes, P.C., where two partners represent her, and Crowe & Mulvey, LLP, where a partner of that firm represents her. At the May 30 hearing, counsel for defendant Joseph added that he anticipated amicus brief filings on Joseph's behalf. And further, the law firm of Foley Hoag LLP is representing Joseph pro bono in a proceeding before the SJC seeking to have Joseph's judicial salary reinstated pending the outcome of this case. *See* https://www.bostonglobe.com/metro/2019/06/26/mass-bar-and-former-judges-urge-sjc-restart-pay-for-judge-facing-federal-criminal-charges/2FypA3LKrEC9D906AhURRP/story.html.

**ARGUMENT**

Defendants' motion seeking an additional five weeks fails to articulate any justifiable basis for the extra time beyond what MacGregor's counsel already argued, and which the Court already rejected, on May 30. There is no mention of counsel's trial calendar. Instead, defendants continue to argue that this case is "novel" requiring "extensive, complicated research and argument." Doc. No. 35. It is the defendants' burden to persuade the Court why an additional five weeks to prepare dispositive motions is required. They have failed to articulate any reasonable basis for delay beyond what the Court already considered and rejected on May 30. Accordingly, the Court should deny the joint motion.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By: *s/ Christine Wichers*
     DUSTIN CHAO
     CHRISTINE WICHERS
     Assistant U.S. Attorneys

**Certificate of Service**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 17, 2019.

        *s/ Dustin Chao*
        DUSTIN CHAO