UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SHELLEY M. RICHMOND JOSEPH, )<br>and )<br>WESLEY MACGREGOR, )<br>)<br>Defendants. )<br>) | Criminal No. 1:19-cr-10141-LTS |

**MOTION BY COMMONWEALTH OF MASSACHUSETTS
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANTS' MOTIONS TO
DISMISS COUNTS I, II, AND III OF THE INDICTMENT**

The Commonwealth of Massachusetts respectfully requests leave to file the attached *amicus curiae* brief in support of the defendants' motions to dismiss Counts I, II, and III of the indictment.[1] Because the indictment of a state court judge and court officer have critical implications for state sovereignty and the independence of the Massachusetts state court system, the Commonwealth's perspective is unique and its brief will assist the Court in resolving the issues presented by the defendants' motions.

This Court has "inherent authority and discretion to appoint *amici*." *Boston Gas Co. v. Century Indem. Co.*, No. 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). "The role of an *amicus curiae* … is to assist the court in cases of general public interest

---

[1] Pursuant to Fed. R. App. P. 29(a)(2), a state may file an *amicus curiae* brief without the parties' consent or leave of court in any case pending in a federal court of appeals. Because the federal rules of civil and criminal procedure do not expressly address the filing of *amicus* briefs in the district courts, the Commonwealth respectfully seeks leave to do so pursuant to the cases cited herein.

1

by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. Pres. & Fellows of Harvard College*, 308 F.R.D. 39, 52 (D. Mass. 2015) (citations omitted).  Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), including in criminal matters.  *See, e.g.*, *United States v. Joyce*, 311 F. Supp. 3d 398, 408 (D. Mass. 2018); *In re Grand Jury Subpoena*, No. 86-738, 1986 WL 13539, at *1 n.1, 2 (D. Mass. Nov. 26, 1986).

Leave to file an *amicus curiae* brief is appropriate here because the federal government's indictment of a sitting Massachusetts state court judge and court officer for actions taken within the scope of their official duties poses a direct threat to the integrity and independence of the Massachusetts judiciary and is an affront to Massachusetts's sovereignty.  This case appears to be one of the first instances in which the United States has prosecuted any person – let alone a state court judge – for allegedly obstructing an U.S. Immigration and Customs Enforcement officer under 18 U.S.C. § 1505 or § 1512(c).  The federal government's application of those statutes is legally unfounded, and its prosecution undermines fundamental principles of federalism and judicial independence.  Allowing the prosecution to proceed would "fundamentally upset the Constitution's balance between national and local power" and have "deeply serious consequences" for our constitutional system.  *Bond v. United States*, 572 U.S. 844, 860, 866 (2014).  The proposed *amicus curiae* brief addresses these harms to Massachusetts's interests, the inapplicability of § 1505 and § 1512(c) to the defendants' alleged

conduct, and the immunity that protects state court judges from criminal prosecution for actions taken within the scope of their official duties.

*Amicus* has sought and obtained assent from the defendants for leave to file this *amicus curiae* brief. The federal government opposes this motion.

For these reasons, the Commonwealth of Massachusetts respectfully requests that its motion be granted and that it be granted leave to file the attached *amicus curiae* brief.

<div style="margin-left: 40%;">

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL


/s/ Robert E. Toone
Robert E. Toone, BBO #663249
Anne Sterman, BBO #650426
Amanda Hainsworth, BBO #684417
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2178
Robert.Toone@mass.gov

</div>

Dated: September 13, 2019

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Robert E. Toone, hereby certify that, on September 11, 2019, I sought and obtained consent from the defendants to this motion for leave to file the attached *amicus curiae* brief. I further certify that the federal government opposes this motion.

<div style="margin-left: 40%;">

/s/ Robert E. Toone

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that, on September 13, 2019, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                           /s/ Robert E. Toone