UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| SHELLEY M. RICHMOND JOSEPH, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF SUBMITTED BY
THE MASSACHUSETTS ASSOCIATION OF CRIMINAL DEFENSE ATTORNEYS**

The United States respectfully opposes the motion by the Massachusetts Association of Criminal Defense Lawyers (MACDL) for leave to file an amicus brief in support of defendant Shelley Joseph's motion to dismiss the Indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). *See* Doc. No. 65.

**ARGUMENT**

In deciding Judge Joseph's motion to dismiss, the sole issue for the Court is whether the allegations in the Indictment, which must be taken as true, are sufficient to apprise the defendant of the charged offenses. *See United States v. Brissette*, 919 F.3d 670, 675 (1st Cir. 2019); *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014).

Two capable law firms representing Judge Joseph have submitted an exhaustive 31-page brief raising numerous legal arguments in support of their client's motion, including that she has judicial immunity; that she did not act "corruptly" to impede a "proceeding"; that her prosecution violates the Tenth Amendment; and that the obstruction statutes are unconstitutionally vague as applied. *See* Doc. No. 60. Judge Joseph's counsel have not claimed that they have been

prevented from, or otherwise been unable to make, all relevant legal arguments in support of dismissal.

The proposed MACDL brief does not address whether the Indictment states an offense against Judge Joseph. Instead, MACDL candidly states that the purpose of its brief is to "focus the Court's attention on the important rights Judge Joseph and Mr. MacGregor were dealing with when they undertook the actions the Government now attempts to criminalize and the inevitable and unlawful consequences of the Government's ill-advised prosecution on immigrants' right to access the courthouse." Doc. No. 66 at 4. MACDL argues that ICE's arrests of undocumented immigrants at any and all courthouses violate those individuals' rights under the First Amendment to the U.S. Constitution and Article 11 of the Massachusetts Declaration of Rights. *See id.* at 7-14.

The purpose of an amicus brief is to "assist the court on matters of law." *Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n.9 (1st Cir. 1981). MACDL's brief, however, does not address any matter of law pertinent to the resolution of Judge Joseph's motion to dismiss. The issue before this Court is whether the Indictment adequately pleads that Judge Joseph obstructed justice when she allowed a criminal defendant to leave the Newton District Courthouse through the downstairs rear exit in order to evade his arrest by ICE. The issue is not whether ICE's policy on courthouse arrests is lawful or unlawful, laudatory or ill-advised.

## CONCLUSION

Because MACDL's brief does not address whether the Indictment states an offense against Judge Joseph, it is not relevant to the motion to dismiss, and the Court should deny the motion for leave to file.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By: */s/ Christine Wichers*
    DUSTIN CHAO
    CHRISTINE WICHERS
    Assistant U.S. Attorneys


**Certificate of Service**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 14, 2019.

*/s/ Christine Wichers*
Christine Wichers