UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 19-10141-LTS |
| SHELLEY M. RICHMOND JOSEPH, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE
TO FILE AMICUS CURIAE BRIEF SUBMITTED BY
PROFESSOR JENNIFER M. CHACÓN, ET AL.**

The United States respectfully opposes the motion by Professor Jennifer M. Chacón, et al. (the "Professors") for leave to file an amicus brief in support of the Defendants' motions to dismiss Counts 1-3 of the Indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). *See* Doc. No. 72.

**ARGUMENT**

In deciding the Defendants' motions to dismiss, the sole issue for the Court is whether the allegations in the Indictment, which must be taken as true, are sufficient to apprise the Defendants of the charged offenses. *See United States v. Brissette*, 919 F.3d 670, 675 (1st Cir. 2019); *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014).

Three capable law firms representing the Defendants have submitted two exhaustive briefs raising numerous legal arguments in support of their clients' motions, including judicial immunity (raised by Judge Joseph only); that the Defendants did not act "corruptly" to impede a "proceeding"; that their prosecution violates the Tenth Amendment; and that the obstruction statutes are unconstitutionally vague as applied. *See* Doc. Nos. 60, 62. Defense counsel have not claimed that they have been prevented from, or otherwise been unable to fully develop, any of their clients' legal arguments, including the Tenth Amendment defense.

The Professors' proposed brief contains two parts. Part I is a historical discussion of Executive Branch efforts to enlist assistance from state and local officials in enforcing federal immigration laws. Doc. No. 72-1 at 11-17. This section does not address whether the Indictment states an offense against either Defendant.

Part II argues that the prosecution of the Defendants violates the Tenth Amendment's anti-commandeering principle. *Id.* at 18-31. This argument is already fully developed in the Defendants' briefs. *See* Joseph Brief (Doc. No. 60) at 32-36; MacGregor Brief (Doc. No. 62) at 16-20. Indeed, the key cases cited by the Professors are the same ones on which the Defendants rely: *Murphy v. NCAA*, 138 S. Ct. 1461 (2018); *Nat'l Fed. of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *Printz v. United States*, 521 U.S. 898 (1997); *New York v. United States*, 505 U.S. 144 (1992); *Ryan v. ICE*, 382 F. Supp. 2d 142 (D. Mass. 2019); and *Lunn v. Commonwealth*, 477 Mass. 517 (2017). The Court should deny a motion for leave to file an amicus brief filed by any third party – whether a scholar, a law student, a politician, a member of the public, or anyone else – where, as here, the proposed brief merely echoes legal arguments already made by the parties in the case.

## CONCLUSION

Because the Professors' brief offers nothing new to assist the Court, the Court should deny their motion for leave to file.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Christine Wichers*
DUSTIN CHAO
CHRISTINE WICHERS
Assistant U.S. Attorneys

## **Certificate of Service**

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 14, 2019.

                                            */s/ Christine Wichers*
                                            Christine Wichers