UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| SHELLEY M. RICHMOND JOSEPH, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF SUBMITTED BY
<u>THE AD HOC COMMITTEE FOR JUDICIAL INDEPENDENCE</u>**

The United States respectfully opposes the motion by the Ad Hoc Committee for Judicial Independence (the "Committee") for leave to file an amicus brief in support of defendant Shelley Joseph's motion to dismiss the Indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). *See* Doc. No. 77.

**ARGUMENT**

In deciding Judge Joseph's motion to dismiss, the sole issue for the Court is whether the allegations in the Indictment, which must be taken as true, are sufficient to apprise the Defendant of the charged offenses. *See United States v. Brissette*, 919 F.3d 670, 675 (1st Cir. 2019); *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014).

Two capable law firms representing Judge Joseph have submitted an exhaustive 31-page brief raising numerous legal arguments in support of their client's motion, including that she has judicial immunity; that she did not act "corruptly" to impede a "proceeding"; that her prosecution violates the Tenth Amendment; and that the obstruction statutes are unconstitutionally vague as applied. *See* Doc. No. 60. Judge Joseph's counsel have not claimed that they have been

prevented from, or otherwise been unable to make, all relevant legal arguments in support of dismissal.

The Committee's proposed brief merely echoes the judicial immunity argument already fully developed in Judge Joseph's brief. Judge Joseph argues that she has immunity against criminal prosecution for taking an action that she describes as an exercise of "courtroom management." *See* Doc. No. 60 at 8, 9, 21. The Committee's proposed brief makes the same argument. *See* Doc. No. 77 at 2 (describing the charged conduct as Judge Joseph just "mismanaging the physical movements of a criminal defendant," which the Committee describes as a "[m]atter of courtroom governance" and the "exercise of court control over the courtroom and courthouse premises"); *id.* at 3 (discussing "the judiciary's power to control courtrooms and courthouses"); *id.* at 5 ("a judge's broad discretion to manage her courtroom"); *id.* at 7 & 8 ("control of the courtroom environment"); *id.* at 9 ("managing her courtroom"); *id.* at 10 ("matters of courtroom governance"); *id.* at 11("the judiciary retains full authority to manage the physical movements of a party targeted for arrest"); *id.* at 12 ("[j]udges are invested with the power to control their courthouses and courts").

The Court should deny a motion for leave to file an amicus brief filed by any third party whose proposed filing merely echoes a legal argument already fully briefed by the parties in the case.

## CONCLUSION

Because the Committee's brief offers nothing new to assist the Court, the Court should deny its motion for leave to file.

>Respectfully submitted,
>
>ANDREW E. LELLING
>United States Attorney
>
>
>By: */s/ Christine Wichers*
>DUSTIN CHAO
>CHRISTINE WICHERS
>Assistant U.S. Attorneys

## Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 16, 2019.

>*/s/ Christine Wichers*
>Christine Wichers