UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| (1) SHELLEY M. RICHMOND JOSEPH and ) | |
| (2) WESLEY MACGREGOR, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF SUBMITTED BY THE AMERICAN IMMIGRATION
LAWYERS ASSOCIATION AND JUSTICE AT WORK**

The United States respectfully opposes the motion by the American Immigration Lawyers Association and Justice at Work (together, "AILA/JW") for leave to file an amicus brief in support of defendants' motions to dismiss Counts I-III of the Indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). *See* Doc. Nos. 90, 92.

### ARGUMENT

In deciding defendants' motions to dismiss, the sole issue for the Court is whether the allegations in the Indictment, which must be taken as true, are sufficient to apprise the defendants of the charged offenses. *See United States v. Brissette*, 919 F.3d 670, 675 (1st Cir. 2019); *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014).

Two capable law firms representing Judge Joseph have submitted an exhaustive 31-page brief raising numerous legal arguments in support of their client's motion, including that she has judicial immunity; that she did not act "corruptly" to impede a "proceeding"; that her prosecution violates the Tenth Amendment; and that the obstruction statutes are unconstitutionally vague as applied. *See* Doc. No. 60. Mr. MacGregor's counsel has submitted a 20-page brief echoing those arguments except for judicial immunity. *See* Doc. No. 62. Defense counsel have not claimed that

they have been prevented from, or otherwise been unable to make, all relevant legal arguments in support of dismissal.

In addition, four amicus briefs have been filed in support of the motions to dismiss. *See* Doc. No. 71 (Commonwealth of Massachusetts); Doc. No. 81 (Professor Jennifer N. Chacón, *et al.*); Doc. No. 84 (Massachusetts Association of Criminal Defense Lawyers); Doc. No. 85 (Ad Hoc Committee for Judicial Independence).

The proposed AILA/JW brief does not address whether the Indictment states an offense against the defendants. Instead, it contends that ICE arrests of immigrants at courthouses impairs their right to access the courts. AILA/JW's argument is largely redundant of arguments already presented to this Court in the amicus brief filed by the Massachusetts Association of Criminal Defense Lawyers, Doc. No. 84.

The purpose of an amicus brief is to "assist the court on matters of law." *Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n.9 (1st Cir. 1981). AILA/JW's brief, however, does not address any matter of law pertinent to the resolution of defendants' motions to dismiss. The issue before this Court is whether the Indictment adequately pleads that the defendants obstructed justice when they allowed a criminal defendant to leave the Newton District Courthouse through the downstairs rear exit in order to evade his arrest by ICE. The issue is not whether ICE's policy on courthouse arrests is lawful or unlawful, laudatory or ill-advised.

## CONCLUSION

Because AILA/JW's brief does not address whether the Indictment states an offense against either defendant, it is not relevant to the motions to dismiss, and the Court should deny the motion for leave to file.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Christine Wichers*
DUSTIN CHAO
CHRISTINE WICHERS
Assistant U.S. Attorneys

**Certificate of Service**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 16, 2019.

*/s/ Christine Wichers*
Christine Wichers