UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

SHELLEY M. RICHMOND JOSEPH,

Defendant.

Crim. No. 19-10141-LTS

### DEFENDANT SHELLEY M. RICHMOND JOSEPH'S
### MOTION FOR PRODUCTION OF DISCOVERY OF GRAND JURY INSTRUCTIONS

#### PROCEDURAL HISTORY

On April 25, 2019, a grand jury for the federal District of Massachusetts returned an indictment alleging that the defendant Joseph conspired to have a non-citizen released from her courtroom to the downstairs lockup of the Newton District Court and then through a rear door, rather than through the front door where ICE agents were waiting, all in violation of 18 U.S.C. § 1512(k), §§ 1512(c)(2) and 2; and §§ 1505 and 2.

On July 3, 2019 the defendant filed a Motion to Compel in part also seeking leave to file a motion for production of grand jury minutes contemporaneously with any motion to dismiss. ECF No. 32.  On October 16, 2019, the motion was allowed with a due date of October 29, 2019. ECF No. 93.

#### REQUEST

The defendant Joseph requests that the government be ordered to give defense counsel (or the Court) the legal instructions which prosecutors provided to the grand jurors prior to their request for a return of the indictment.  The defendant's argument in support of this request is a marriage of two cases: *United States v. Facteau*, No. 1:15-CR-10076-ADB, 2016 WL 4445741

1

(D. Mass. Aug. 22, 2016) and *United States v. Stevens*, 771 F. Supp. 2d 556 (D. Md. 2011) but is driven in the first instance by positions the government took in its Opposition to the defendant's Motion to Dismiss. ECF No. 98.

The court in *Facteau* stated that: "Legal instructions provided by prosecutors do not implicate any of the concerns typically cited in support of grand jury secrecy." *Facteau*, 2016 WL 4445741 at 4. Therefore, the defendant has no burden (or at least a "lesser burden") to demonstrate particularized need in showing justification for the legal instructions as would a defendant seeking actual grand jury testimony. *Id*. As in *Facteau*, the defendant here is seeking "the *possibility* of an irregularity" that could warrant a review of the grand jury process.[1] *Id*. at 5.

The defendant has good cause to believe that such "irregularity" may have occurred. In its Opposition to the defendant's Motion to Dismiss, the government has argued that the doctrine of judicial immunity is inapplicable to this matter generally and specifically concerning defendant's Joseph potential good faith. ECF No. 98, 9 n. 6.  Given these arguments, it is reasonable to assume that the grand jury may never have been instructed regarding judicial immunity in the context of good faith as a defense (and may well not have been instructed that the offenses charged required a specific intent rather than a general intent). That is, the grand jury may not have been instructed that the offenses charged pursuant to § 1505 and § 1512 require a "knowing" corrupt intent. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-706 (2005).

---

[1] Noting the "clearly erroneous" standard of review, the *Facteau* court declined to overrule the Magistrate Judge, who had denied the request for grand jury instructions.  But the district judge pointedly added: "[T]he Court sees no reason why prosecutors' instructions to the grand jury should be kept secret." *Facteau*, 2016 WL 4445741 at 5. Here, in this matter, the request for grand jury instructions is before the Court in the <u>first instance</u>.

A variation of this precise issue arose in *Stevens* where the government charged a pharmaceutical executive with obstruction under § 1519 for the manner of her dealings with the Food and Drug Administration, an indictment sought despite substantial evidence that she had acted upon advice of counsel. The defense in that matter requested the grand jury instructions on the grounds that the government "*may*" have failed to properly instruct the grand jury regarding the advice of counsel. *Stevens*, 771 F. Supp. 2d at 564.

The court in *Stevens* explained that § 1519 is a specific intent crime (contrary to the government's claim otherwise) and that "proof of Stevens's good faith reliance on the advice of counsel would negate her wrongful intent on that count." *Id.* at 562. Therefore, the court ordered the government's grand jury instructions be produced, determined that the government had in fact misstated the law to the grand jury, and dismissed the indictment. *Id*. 568-569.

Similarly, here the government denies that the defendant is entitled to judicial immunity for her alleged instructions made from within her own courtroom in a management function as to which of two courthouse doors a noncitizen might be released. That issue is before the Court in the form of the defendant's Motion to Dismiss. More critically to this request, the government further argues that the defendant may <u>not</u> even rely on a *defense of good-faith belief* that she had authority to act as a manager of and within her own courtroom. ECF No. 98, 9 n 6.

In view of *Stevens* and the cases cited within, the government's position is in error. Therefore, any instruction given the grand jury by the government on this issue is almost certainly in error.[2] Consequently, the defendant requests that any grand jury instructions be produced in such manner as the Court deems appropriate.

---

[2] Within this near certainty of error lies the particularity of the request. Additionally, to the extent the government argues it is not required to instruct the grand jury and therefore the mere existence of instructions is speculative, it should be noted that that argument met a deaf ear in *Stevens*. Respectfully, the argument should similarly fail here where an unprecedented prosecution with significant implications for the judiciary requires more heightened

Respectfully submitted,

SHELLEY M. RICHMOND JOSEPH

/s/ Thomas M. Hoopes
THOMAS M. HOOPES, ESQ.
BBO No. 239340
/s/ Douglas S. Brooks
DOUGLAS S. BROOKS, ESQ.
BBO No. 636697
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
617.338.9300
thoopes@libbyhoopes.com
dbrooks@libbyhoopes.com

/s/ Elizabeth N. Mulvey
ELIZABETH N. MULVEY, ESQ.
Crowe & Mulvey
77 Franklin Street, 3rd Floor
Boston, MA 02110
617.426.4488
emulvey@croweandmulvey.com

DATE: October 29, 2019

## CERTIFICATE OF COMPLIANCE WITH LR 116.3(f)

I hereby certify that counsel have communicated about the subject matter of this motion in an effort to narrow differences prior to filing.

/s/ Thomas M. Hoopes

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF No. system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies/PDFs will be sent by regular mail/email on this date to those indicated as non-registered participants.

/s/ Thomas M. Hoopes

---

supervision than might be necessary in a run-of-the-mill prosecution (if one exists) to "ensure the integrity of the grand jury process." *Facteau*, 2016 WL 4445714 at 5.