UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>SHELLEY M. RICHMOND JOSEPH, )<br><br>Defendant. ) | Crim. No. 19-10141-LTS |

**UNITED STATES' OPPOSITION TO DEFENDANT JOSEPH'S MOTION
TO COMPEL PRODUCTION OF GRAND JURY INSTRUCTIONS**

The government respectfully requests that the Court deny defendant Shelley Joseph's

motion to compel the production of the legal instructions given to the grand jury, because Joseph

has failed to identify a particularized need for the instructions; she asserts that the government

perhaps did not tell the grand jury something that it was not required to disclose; and in any

event her assertion is based on pure speculation.[1]

**ARGUMENT**

Judge Joseph asks this Court to compel the government to produce (or show the Court in

camera) the legal instructions given to the grand jury because, she says, there is a "*possibility* of

an irregularity that could warrant a review of the grand jury process." Doc. No. 109 at 2

(emphasis in original) (internal quotation marks omitted). Specifically, she argues that "the grand

jury may never have been instructed regarding judicial immunity in the context of good faith as a

---

[1] In their Local Rule 116.5(c) joint memorandum, the parties asked that this case be transferred to the District Court for a hearing on several pending motions, including this one. *See* Doc. No. 91, ¶ 4. The government now believes, however, that this motion should be addressed in the first instance by the Magistrate Court because the District Court referred this case to Magistrate Judge Cabell for full pretrial proceedings. *See* Doc. No. 4; *see generally* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). The government has conferred with Judge Joseph's counsel, who take no position on this issue.

defense," and that the grand jury "may" not have been instructed that 18 U.S.C. §§ 1505 and 1512(c)(2) require the defendant to have acted with corrupt intent. *Id.*

Judge Joseph's motion implicates two important legal principles. First is the "vital" secrecy of grand jury proceedings, *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012), and the presumption of regularity afforded to grand jury proceedings, *see United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir. 2001). Because grand jury proceedings are secret, and because courts presume that prosecutors appearing before a grand jury have properly discharged their official duties, a defendant seeking any grand jury transcript, including of legal instructions, must show "'particularized need.'" *United States v. McMahon*, 938 F.2d 1501, 1505 (1st Cir. 1991) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)). This is a "heavy burden." *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir.), *cert. denied sub nom. Hatfield v. United States*, 138 S. Ct. 182 (2017). A defendant must demonstrate "'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *United States v. Gurry*, Crim. No. 16-10343-ADB, 2019 WL 247205, at *2 (D. Mass. Jan. 17, 2019) (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 222 (1979)). "Speculative allegations" are insufficient to meet this burden. *Id.* Judge Joseph has failed to show a particularized need for the legal instructions. Her argument seems to be that she wants to know whether the government instructed the grand jury on judicial immunity because, if it did not, she may be able to use that failure to argue that the indictment should be dismissed. But she already has a pending motion to dismiss based in part on judicial immunity. Therefore, she does not need the grand jury instructions.

Second, Judge Joseph's request runs counter to the function of a grand jury, which is to decide whether there is probable cause to bring a criminal charge, not to determine guilt or innocence. Given the nature of the grand jury's role, the government is not required to present exculpatory information. *See United States v. Williams*, 504 U.S. 36, 52 (1992). Nor is it required to present a defendant's affirmative defenses. *See United States v. Gardner*, 860 F.2d 1391, 1395 (7th Cir. 1988). "[I]t is the grand jury's function not 'to enquire . . . upon what foundation [the charge may be] denied,' or otherwise to try the suspect's defenses, but only to examine 'upon what foundation [the charge] is made' by the prosecutor." *Williams*, 504 U.S. at 51-52 (quoting *Republica v. Shaffer*, 1 U.S. (1 Dall.) 236, 1 L. Ed. 116 (O.T. Phila. 1788)).[2] Indeed, it would make little sense for prosecutors to instruct a grand jury on judicial immunity, a legal defense whose availability in a criminal case is contested by the government and will be resolved in this case by the Court, not a factfinder.

Joseph relies on two cases that are not on point. The first, *United States v. Stevens*, did not concern a motion to compel the production of grand jury instructions. 771 F. Supp. 2d 556 (D. Md. 2011). The *Stevens* court, after reviewing the grand jury instructions in camera, dismissed the indictment on the grounds that the prosecutors had erroneously instructed the grand jury that advice of counsel is an affirmative defense, rather than the absence of an element of the offense. *Id.* at 565. Assuming arguendo that judicial immunity is even available in a

---

[2] One district court has held that an indictment may be dismissed if the government's legal instruction to the grand jury "seriously misstates" the law and "casts grave doubt that the decision to indict was free from the substantial influence of the erroneous instruction." *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (internal quotation marks omitted). But Judge Joseph does not contend that the government misstated the law to the grand jury. She asserts, rather, that the government may have neglected to tell the grand jury about a potential affirmative defense. From there she makes a wild and unsubstantiated leap, speculating that perhaps the grand jury was not properly instructed on intent.

criminal case, it would be an affirmative defense. Therefore, the government was not required to address it in its instructions to the grand jury.

The second case is *United States v. Facteau*, Crim. No. 15-10076-ADB, 2016 WL 4445741 (D. Mass. Aug. 22, 2017). In *Facteau*, Magistrate Judge Cabell denied the defendants' motion for production of grand jury instructions, finding that the defendants had failed to show a particularized need. *Id.* at *4. The defendants objected. Upon review, the district court agreed that the motion to compel was properly denied under prevailing case law. *Id.* at *5. However, as defendant Joseph correctly notes, the district court stated in dictum that it "[saw] no reason why the prosecutors' instructions to the grand jury should be kept secret." *Id.* The court based its view in part on "the length of time that it takes a case to get to trial." *Id.* That concern is not present here because Joseph's claim to judicial immunity will be resolved soon and need not wait until trial. The *Facteau* court also cited "the stigma and harm done to a defendant simply by virtue of being indicted, even if later acquitted." *Id.* That concern, while real, is not relevant to Joseph's motion to compel. The fact of her indictment will be unchanged regardless of whether she prevails on her judicial immunity defense, regardless of whether the grand jury was instructed on judicial immunity, and regardless of whether she views the grand jury instructions. *See also United States v. Chambers*, Crim, No. 18-00079 (KAD), 2019 WL 1014850, at *2 n.3 (D. Conn. Mar. 4, 2019) (disagreeing with the district court's dictum in *Facteau*).

In sum, the Court should deny Judge Joseph's motion because she has failed to identify a particularized need for the grand jury instructions; she asserts that the government perhaps did not tell the grand jury something that it was not required to disclose; and in any event her assertion is based on pure speculation. *See, e.g., United States v. Huntress*, 2015 WL 631976, at *27-28 (W.D.N.Y. Feb. 13, 2015) (where defendants charged with obstruction of justice moved

to compel production of grand jury legal instructions based on their invocation of a good-faith

defense, court denied the motion as a "fishing expedition").

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny defendant

Joseph's motion.

<div style="margin-left: 40%;">

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By:     */s/ Christine Wichers*
        DUSTIN CHAO
        CHRISTINE WICHERS
        Assistant United States Attorneys

</div>

## <u>Certificate of Service</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 8, 2019.

<div style="margin-left: 40%;">

*/s/ Christine Wichers*
CHRISTINE WICHERS

</div>