## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### GENERAL ORDER 20-4
#### MARCH 16, 2020

### IN RE:  CORONAVIRUS PUBLIC EMERGENCY

### ORDER CONCERNING CRIMINAL PROCEEDINGS

**SAYLOR, C.J.**

WHEREAS, since the Court's issuance of General Order 20-2 on March 12, 2020, concerning Jury Trials and Other Proceedings, further information about stemming the spread of the coronavirus and COVID-19 has continued to become available;

WHEREAS, as noted in General Order 20-2, the Governor of the Commonwealth of Massachusetts has declared a public health emergency throughout the state in response to the spread of the coronavirus and COVID-19;

WHEREAS, as noted in General Order 20-2, the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease; and

WHEREAS, on March 13, 2020, the President of the United States declared a national emergency;

NOW, THEREFORE, to further protect the public health, and in order to reduce the size of public gatherings and reduce unnecessary travel, the United States District Court for the District of Massachusetts hereby issues the following order:

As set forth below, as a general matter, the United States District Court for the District of Massachusetts will continue to hold criminal proceedings where personal liberty and/or public

safety issues are immediately implicated.  All other criminal proceedings, subject to certain exceptions as set forth below, will be continued for 60 days.

1.  All initial appearances, arraignments, and detention hearings shall proceed in the ordinary course.  However, subject to the discretion of the presiding judicial officer, such proceedings may take place by videoconference where feasible.  As provided by Fed. R. Crim. P. 10(b), defendants may waive appearance at an arraignment.  All defendants shall be deemed to have consented to conducting the initial appearance and arraignment by videoconference pursuant to Fed. R. Crim. P. 5(f) and 10(c) unless the defendant files a specific objection with the presiding judicial officer.  This provision shall apply to new charges, superseding charges, and proceedings to revoke probation or supervised release.

2.  All existing pretrial deadlines in criminal cases are extended 60 days, unless otherwise directed by the presiding judicial officer.

3.  All discovery and pretrial conferences in criminal cases shall proceed by videoconference or telephone where feasible, subject to the discretion of the presiding judicial officer.

4.  All hearings on criminal motions (other than motions for release or detention) are continued for 60 days, whether or not they involve the taking of evidence.  However, the presiding judicial officer may hold such a hearing to protect public safety, to safeguard a liberty interest, or for another case-specific compelling reason.  All such hearings that do not involve the taking of evidence shall be conducted by videoconference or telephone where feasible, subject to the discretion of the presiding judicial officer.

5.  All proceedings on possible revocation of probation or supervised release are continued for 60 days.  However, the presiding judicial officer may conduct such a proceeding to protect public safety, to safeguard a liberty interest, or for another case-specific compelling reason.

6. To the extent the presence of the defendant is required in any discovery conference, pretrial conference, or motion hearing, where feasible, and subject to the discretion of the presiding judicial officer, defendants shall appear by videoconference or telephone. Any defendant seeking to invoke his or her right to appear in person at a particular proceeding pursuant to Fed. R. Crim. P. 43 or the Sixth Amendment shall do so by motion directed to the presiding judicial officer.

7. All proceedings under Fed. R. Crim. P. 11 to change a plea are continued for 60 days. However, a presiding judicial officer may determine that there is good cause for such a proceeding to occur. All such proceedings shall be conducted by videoconference or telephone where feasible, subject to the discretion of the presiding judicial officer.

8. All sentencings are continued for 60 days, unless (1) any party requests a sentence that if imposed would be exceeded by the time of the continued sentencing date; (2) the low end of the guideline sentencing range allows for a non-custodial sentence and the defendant is in custody; or (3) there is a liberty, public safety or other case-specific compelling reason why such a continuance would be inappropriate. The presiding judicial officer shall determine whether to invoke any of those exceptions to permit a sentencing to proceed.

9. The time period of any continuance entered as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. The Court may extend or modify the period of exclusion as circumstances may warrant.

10. Any judicial officer holding a court hearing pursuant to this Order shall take such steps, including such things as maintaining physical distance in the courtroom, as may be lawful and reasonable under the circumstances to protect public health and safety.

11. Because of the limited availability of videoconferencing facilities at detention facilities, judicial officers, deputy clerks, counsel, and the United States Marshals Service shall work cooperatively to facilitate its use where appropriate.

12. Discretion is vested in the presiding judicial officer in any particular matter to make exceptions to this Order based upon the interests of justice, public safety, and individual liberty in a particular case.

13. This Order is effective today, March 16, 2020.

**So Ordered.**

Dated:  March 16, 2020

F. Dennis Saylor IV
Chief Judge, United States District Court