

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 23, 2020

Thomas M. Hoopes
Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116

Elizabeth N. Mulvey
Crowe & Mulvey, LLP
141 Tremont Street, 8th Floor
Boston, MA  02111

      Re:    United States v. Shelley M. Richmond Joseph
                   Criminal No. 19-10141-LTS

Dear Counsel:

      We write in response to your letter dated April 14, 2020, requesting certain discovery.

### Discovery Background

      As you know, between May 23 and July 18, 2019, the government produced over 19,000 individually Bates-stamped items/pages of discovery to defendant Joseph. These included, among other things, the audio recording of the April 2, 2018, court proceeding; audio recordings of court proceedings on other dates when Joseph was presiding; grand jury transcripts of three witnesses; Joseph's emails; telephone records; the Newton District Court door access log for April 2, 2018; Newton Police Department records for the March 30, 2018, arrest of A.S.; the Newton District Court file for the criminal case against A.S.; the Newton District Court Probation Department file for A.S.; and the Defense Attorney's proffer letter and letter of immunity agreement.

      On February 4, 2020, after obtaining A.S.'s file from immigration court, the government produced those records pursuant to the protective order signed in this case.

      To date, Joseph has produced no reciprocal discovery.

      On April 13, 2020, you requested that we re-produce certain records, but without redactions. We did so the next day. Just a few hours later, with no prior notice, you filed your 12-

page, single-spaced letter with the Court. It seeks three categories of discovery. We reject all three on the grounds that they are more than a year overdue, *see* L.R. 116.3(a), and for the following reasons.

### 1. Discovery Concerning Alleged Political Bias

Joseph claims that her prosecution is the result of political bias, as allegedly shown by a few things. First, she attacks the government's agreement with a cooperating witness not to prosecute him based on his statements or evidence derived therefrom so long as he testifies truthfully. As you know, however, immunity agreements are perfectly permissible. *See generally United States v. Eliason*, 3 F.3d 1149, 1153 (7th Cir. 1993); *see also* 18 U.S.C. § 6003. Joseph has failed to explain why the government's immunity agreement with the Defense Attorney supposedly is improper. Your letter also includes an attack on the Defense Attorney's credibility. Since it is superfluous to Joseph's discovery request, it appears the purpose of including it in your letter was to unfairly smear a government witness in a public court filing. As you are aware, Local Rule 83.2.1(c)(4) prohibits counsel from making extrajudicial public statements about the credibility of a prospective trial witness.

Joseph also cites public statements by U.S. Attorney Andrew Lelling and other government officials criticizing "sanctuary cities." In a recent op-ed, Mr. Lelling criticized sanctuary cities that prohibit officials from notifying ICE when undocumented immigrants facing criminal charges are released from custody, and sanctuary jurisdictions that refuse to enforce federal gun laws, because they endanger public safety and allow cities to selectively decide which federal laws to enforce.[1] Mr. Lelling's anti-crime statement was no more unusual than any of his other public statements criticizing criminal behavior, from violent crime to healthcare fraud. It did not reflect a bias against any particular criminal defendant, including Joseph. Indeed, the fact that Mr. Lelling offered Joseph a deferred prosecution agreement belies her claim that he has treated her unfairly and is biased against her. Under the terms of the offer, Joseph would have escaped criminal liability altogether had she agreed to accept responsibility for her conduct and cooperate in any investigation by the Massachusetts Commission on Judicial Conduct.

Joseph complains that Mr. Lelling's op-ed included a criticism of a 2017 decision by Newton District Court Presiding Judge Mary Beth Heffernan not to notify ICE when she released an undocumented immigrant accused of raping a college student; the defendant fled the country and the victim has not received justice. Mr. Lelling's disapproval of the decision by Judge Heffernan, who potentially will be called as a *government* witness, does not support Joseph's request for discovery.

Joseph has asked the government to search for and produce any and all information showing bias against her, Judge Heffernan, or sanctuary cities, by any person who is "in any manner related to the instant case," including any supervisor at the U.S. Attorney's Office, the Office of the U.S. Attorney General, Homeland Security Investigations-Boston, or ICE, "whose views have impacted or potentially may impact the instant case to any degree."

---

[1] Andrew Lelling, "Sanctuary Cities Are a 'Genuine and Persistent Threat,'" *Boston Herald* (Feb. 10, 2020).

The information Joseph seeks is not discoverable. Rule 16(a)(2) specifically provides that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable by a defendant. Joseph is trying to circumvent that prohibition by characterizing the information she seeks as relevant to bias. Discoverable bias information, however, is evidence of bias against the defendant by a witness the government plans to call at trial. *See* L.R. 116.2(b)(2)(D); *United States v. Abel*, 469 U.S. 45 (1984) (cited in your letter). Neither Mr. Lelling nor any other supervisor described in your letter is a potential trial witness. To the extent that the government is or becomes aware of any information reflecting bias or prejudice against Joseph by any witness whom the government plans to call in its case-in-chief, we will produce it 21 days before trial, as Local Rule 116.2 requires.

What Joseph really appears to be claiming is selective or vindictive prosecution. In either case, she faces a high hurdle:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.

*Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (footnote and internal quotation marks omitted); *see also United States v. Armstrong*, 517 U.S. 456, 468 (1996) (discussing the "demanding" standard for a selective-prosecution claim); *United States v. Bucci*, 582 F.3d 108, 112 (1st Cir. 2009) (noting the difficulty of making a pretrial showing of vindictive prosecution) (citing *United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.")).[2]

A defendant is not entitled to discovery in support of a selective-prosecution claim unless she presents "some evidence" of both the allegedly discriminatory effect of the prosecution and the government's allegedly discriminatory intent. *United States v. Lewis*, 517 F.3d 20, 25 (1st Cir. 2008) (affirming district court's denial of defendant's discovery request in support of his selective-prosecution claim). "Some evidence" means a "credible showing" that (a) the government chose to prosecute the defendant at least in part because of some constitutionally protected characteristic, and (b) the government has not prosecuted similarly situated persons lacking that characteristic. *Id.*; *Armstrong*, 517 U.S. at 470. A defendant is not entitled to discovery in support of a vindictive-prosecution claim unless she presents "some objective evidence tending to show the existence of prosecutorial vindictiveness." *Bucci*, 582 F.3d at 113

---

[2] Former federal judge Harry Claiborne claimed selective prosecution, arguing that his prosecution was motivated by a desire to retaliate against him for the way he had exercised the functions of his office. His arguments were rejected and his conviction was upheld. *See United States v. Claiborne*, 727 F.2d 842, 849 (9th Cir. 1984), and 765 F.2d 784, 805 (9th Cir. 1985).

(internal quotation marks omitted). Identifying a potential motive for prosecutorial animus is not sufficient. *See id.* (affirming district court's denial of defendant's discovery request in support of his vindictive-prosecution claim).

Joseph has not identified the constitutionally protected characteristic or activity that supposedly is the reason for her prosecution, much less pointed to any evidence in support of a claim for either selective prosecution or vindictive prosecution. Therefore, the government denies her request.

2. **Discovery Concerning Leaks to the Press**

Joseph has asked for discovery to identify the person(s) who disclosed to the *Boston Globe* the existence of the grand jury investigation, which the *Globe* first reported on December 1, 2018, and Joseph's rejection of a deferred prosecution agreement, which the *Globe* first reported on May 23, 2019. Joseph admits the second disclosure did not violate Rule 6(e). Although she contends the first disclosure did, she ignores the fact that the government already had issued numerous grand jury subpoenas to entities and persons who were not prohibited from disclosing grand jury information. In any event, Joseph's request is "beyond the scope of Rule 16." *United States v. Kearney*, 436 F. Supp. 1108, 1118 (S.D.N.Y. 1977) (denying defendant's request for discovery to identify person who leaked grand jury information to the press).

3. **Discovery of Statements by the ICE Agents**

Finally, Joseph seeks any and all statements made by either of the two ICE officers who went to Newton District Court on April 2, 2018, to take custody of A.S.

The basis for Joseph's request is a statement in the grand jury transcript of a Newton District Court Officer who was on duty that day. It appears Joseph obtained the transcript from MacGregor's counsel. The government produced to MacGregor all grand jury transcripts in which witnesses testified to statements made by MacGregor exculpating himself, and it produced to Joseph all grand jury transcripts in which witnesses testified to statements made by Joseph exculpating herself, as part of automatic discovery.

According to your letter, the statement at issue indicates that the Chief Court Officer at Newton District Court offered to let one of the ICE officers enter the lockup through the sally port, but the ICE officer declined that offer when he was told that A.S. would be released through the courtroom. Defendant Joseph contends that this statement is exculpatory information that should have been disclosed under *Brady v. Maryland* because it undercuts the government's allegation that she acted with corrupt intent.

As you know, "there is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) (internal quotation marks omitted). Evidence is discoverable under *Brady* only if it is "material and potentially exculpatory." *Id.*

Joseph's contention that the alleged statement by the Chief Court Officer undercuts the allegation that Joseph acted with corrupt intent is without merit. The alleged statement would

show that the Chief Court Officer, *not Joseph*, offered the ICE officer an opportunity to take custody of A.S. in lockup. Any such offer would have been consistent with the Trial Court DHS Policy, which expressly allowed ICE officers to enter a courthouse's holding cell to take custody of a person subject to an immigration detainer or warrant. But Joseph violated that policy by ordering that the ICE officer be *prevented from entering the lockup*. She also ordered him out of the courtroom. As a result, the ICE officer was left waiting for A.S. in the courthouse lobby. Joseph knew this: the Defense Attorney told her, "ICE is going to pick him up if walks out the front door," and she expressed her concern that "ICE is gonna get him." To try to prevent A.S. from walking out the front door into the arms of the ICE officer, Joseph proposed either holding over A.S.'s case until the following day, or detaining A.S. even though the ADA was not seeking detention. When the Defense Attorney explained that neither of those alternatives would keep A.S. out of ICE custody, Joseph agreed with the Defense Attorney to engage in a ruse to enable A.S. to go downstairs to the lockup instead of releasing him through the front lobby. When the Clerk reminded Joseph that there was an ICE officer in the courthouse "to visit the lockup," Joseph again rejected that idea, saying, "I'm not gonna allow them to come in here."

These allegations in the indictment are more than sufficient to establish that Joseph acted with corrupt intent. The Chief Court Officer's alleged offer for the ICE officer to enter the lockup, which Joseph overruled, does not in any way undercut the government's allegation that she acted with corrupt intent. The requested statements by the ICE officers are not "material and potentially exculpatory evidence." *Caro-Muniz*, 406 F.3d at 29. Therefore, they are not *Brady* material.

For these reasons and because Joseph's requests are untimely, the government declines to produce the requested information.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By:  */s/ Christine Wichers*
DUSTIN CHAO
CHRISTINE WICHERS
Assistant U.S. Attorneys