UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-cr-10141-LTS |
| | ) | |
| | ) | |
| SHELLEY M. RICHMOND JOSEPH | ) | |
| and | ) | |
| WESLEY MACGREGOR | ) | |

**JUDGE SHELLEY M. RICHMOND JOSEPH'S
SECOND SUPPLEMENTARY MOTION TO COMPEL EVIDENCE
REGARDING BIAS ARISING OUT IMPERMISSBLE LEAKS
AND REQUEST FOR INDEPENDENT INVESTIGATION OF LEAKS
<u>IF NO INVESTIGATION HAS YET BEEN DONE</u>**

Defendant Shelley Richmond Joseph hereby moves the Court for an Order requiring the government to produce discovery in the form of exculpatory evidence concerning its improper and prejudicial leaks of pre-indictment plea discussions and grand jury information to the press. As set forth more fully in the accompanying memorandum, Judge Joseph states as follows:

1. In a blatant effort to prejudice Judge Joseph, the government improperly leaked to the press information concerning pre-Indictment plea discussions in this case.

2. This leak came on the heels of previous grand jury leaks in this matter. The only reasonable inference is that the government leaked grand jury information.

3. Judge Joseph seeks information regarding the source and circumstances of those leaks in support of her claim of bias. In addition, she requests the Court order an investigation into the leaks concerning the plea negotiations.

4. This bias is a critical component of Judge Joseph's theory of defense and as such, evidence of such bias is clearly relevant, exculpatory, and discoverable.

5.      The specific discovery sought is appropriately tailored to obtain such relevant and exculpatory evidence.

WHEREFORE, Judge Joseph respectfully requests that the Court grant this motion and order the government to produce the information requested and further order an investigation into the improper leaks to the media about pre-Indictment plea discussions.

Respectfully submitted,

SHELLEY M. RICHMOND JOSEPH
/s/ Thomas M. Hoopes
THOMAS M. HOOPES, ESQ.
BBO No. 239340
/s/ Douglas S. Brooks
DOUGLAS S. BROOKS, ESQ.
BBO No. 636697
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
617.338.9300
Email: thoopes@libbyhoopes.com

/s/ Elizabeth N. Mulvey
ELIZABETH N. MULVEY, ESQ.
Crowe & Mulvey
77 Franklin Street, 3rd Floor
Boston, MA 02110
617.426.4488
emulvey@croweandmulvey.com

Dated: May 7, 2020

**LOCAL RULES 7.1 and 112.1 CERTIFICATION**

I hereby certify that undersigned counsel has conferred with counsel for the United States in a good-faith effort to resolve or narrow the issues raised as to the request for information regarding exculpatory bias by this Motion.

/s/ Thomas M. Hoopes
Thomas M. Hoopes, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on May 7, 2020.

/s/ Thomas M. Hoopes
Thomas M. Hoopes, Esq.

**L.R. 116.3(j) CERTIFICATION**

The undersigned counsel certifies that the discovery request resulting in this motion was prompted by information not known, or issues not reasonably foreseeable, to the moving party before the deadline for discovery motions. The core of this motion is to seek evidence of exculpatory bias in a very particularized context. Judge Joseph's First Supplementary Motion to Compel filed contemporaneously this day sets forth all the information unknown to undersigned counsel on June 6, 2019, the due date for initial letter requests, but gathered since the motion's "prompting event," the publication of the New York Times story on November 16, 2019, in which the Acting Director of ICE National, Mr. Homan, stated that he had learned of the incident underlying this indictment the day the incident occurred and the very sought a United States Attorney who would prosecute. The issue of a leak was known. The issue of the leak having been arguably prompted by **substantially supportable, politically-motivated bias** was not known on June 6, 2019, and was not "known" until *months after* November 16 when all the due diligence was complete.

/s/ Thomas M. Hoopes
Thomas M. Hoopes, Esq.