UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>)<br>SHELLEY M. RICHMOND JOSEPH )<br>and   )<br>WESLEY MACGREGOR   ) | Criminal No. 1:19-cr-10141-LTS |

**JUDGE SHELLEY M. RICHMOND JOSEPH'S THIRD SUPPLEMENTARY MOTION TO COMPEL BRADY INFORMATION REGARDING STATEMENTS OR NON-STATEMENTS BY TWO ICE OFFICERS CONCERNING MATERIAL EVENTS AT THE NEWTON DISTRICT COURT ON APRIL 2, 2018**

Judge Shelly M. Richmond Joseph requested that the prosecution produce forthwith any and all statements (written or oral and reduced to writing for purposes of this request) made by either of the two ICE agents identified on the prosecution's witness list, which contain their narratives of the events at the Newton District Court (NDC) on April 2, 2018.  *See* ECF No. 123. The government refused the request.  *See* ECF No. 124.

As reasons for its request, the defense informed the government of the following:

- On May 23, 2019, the prosecution provided Judge Joseph with certain automatic discovery.  That discovery did not include grand jury testimony of any NDC court officers on duty on April 2, 2018.

- Sometime after June 6, 2019 (the due date of initial letter requests pursuant to L.R. 116.3) counsel for Judge Joseph received from a non-prosecution team source, a copy of the grand jury transcript of one of the NDC court officers on duty on April 2, 2018, who stated that one of the ICE agents at the courthouse was offered the option of entering the lockup through the rear sally port (rather than through the courtroom) by the chief court officer.

- According to the court officer's transcript, the ICE agent chose to wait for the undocumented immigrant to come out the courtroom door.

- Counsel for Judge Joseph took the position that the statement made by the chief court officer, the only proper court official authorized to make such a statement regarding ICE lock-up access under the state court's *Lunn* policy, constituted *Brady* material.  That the

1

ICE officer was in fact authorized to "take" the undocumented alien from the back <u>directly undercut</u> in multiple ways the inference of "corrupt intent" suggested in the indictment – as to the custom and practice for the manner in which custodies in the Newton District Court might be released, as to custom and practice as to how ICE might take custody of prisoners in the Newton District Court (clearly not always from the courtroom front door), as to whether ICE might well be out back at the sally port – just like the sheriff's department.

- The court officer's transcript containing this information was clearly exculpatory, and as such it should have been produced to Judge Joseph.

- Consequently, the defense was concerned that ANY statements of the ICE agents at the courthouse (none of which have been disclosed) must contain narratives which support the court officer's statement. If so, these ICE officers' statements are *Brady* also.

- In the alternative, the defense asserted that even if the ICE officers' statements *failed* to even mention this court officer's statement, that failure would also make their statements *Brady* as well. (By "statements" Judge Joseph means "statements" not just to the United States Attorney's Office but "statements" made to any person within DHS or ICE or *contained within* the statement of any person employed by ICE or DHS.)

The government replied that that the defense contention that the alleged statement by the Chief Court Office undercut the allegation that Judge Joseph acted without corrupt intent was without merit because the statement went to the Chief Court Officer's state of mind, not Judge Joseph's state of mind, and that the "allegations in the indictment are more than sufficient to establish that Joseph acted with corrupt intent."

The government mistakes the issue at hand. It is not a motion to dismiss issue. It is a discovery issue. This particular question is not whether the government has failed to produce *Brady* material relating to the pending motions to dismiss. The issue is whether the government has failed to timely produce *Brady* material relevant to trial – relevant to guilt or innocence concerning a crucial element of the offenses, *i.e,* corrupt intent.

The government asserts that the indictment alleges that Judge Joseph, when reminded by a clerk that there was an ICE officer in the courthouse "to visit the lockup," rejected that idea, saying, "I'm not gonna allow them to come in here." The defense theory is that Judge Joseph

was abiding by the presiding justice's policy which was that no ICE officers were allowed in the courtroom itself. There are two access points to the "lockup" – one from within the courtroom and one from the back of the courthouse. The back of the courthouse can be accessed from either outside the courthouse or from down a different set of stairs and out to the back. The defense theory is simply that Judge Joseph followed the presiding justice's policy, barred the ICE officer from accessing the lockup from *within* the courtroom, but said nothing to preclude the ICE officer from using either of the other two means. And in fact, the Chief Court officer made exactly that offer. Proof of that offer confirms the defense theory that Judge Joseph intended only to bar entry through the courtroom and not any other entry point – both of which were outside the scope of her authority under the Trial Court's *Lunn* policy in any event. Accordingly, the statement of the Chief Court Officer could not be more relevant and more exculpatory of her state of mind and the issue of "corrupt intent."

Nonetheless, the defense has that grand jury statement only by means other than the government. Judge Joseph is seeking any statements by ICE officers either confirming the Chief Court Officer's statement– which would be equally relevant and exculpatory *Brady* material – or which fail to confirm the statement – which would be *Giglio* bias material.

In either instance, the defense is entitled to the material. It is only a matter of timing.

Respectfully submitted,

SHELLEY M. RICHMOND JOSEPH
/s/ Thomas M. Hoopes
THOMAS M. HOOPES, ESQ.
BBO No. 239340
/s/ Douglas S. Brooks
DOUGLAS S. BROOKS, ESQ.
BBO No. 636697

LibbyHoopes, P.C.<br>
399 Boylston Street<br>
Boston, MA 02116<br>
617.338.9300<br>
Email: thoopes@libbyhoopes.com

/s/ Elizabeth N. Mulvey<br>
ELIZABETH N. MULVEY, ESQ.<br>
Crowe & Mulvey<br>
77 Franklin Street, 3rd Floor<br>
Boston, MA 02110<br>
617.426.4488<br>
emulvey@croweandmulvey.com

Dated: May 7, 2020

## LOCAL RULE 116.3(j) CERTIFICATION

The undersigned counsel certifies that the discovery request resulting in this motion was prompted by information not known, or issues not reasonably foreseeable, to the moving party before the deadline for discovery motions. Counsel did not receive the materials serving as the basis for this motion from the government as part of automatic discovery and therefore did not even have access to the documents on or before the due date (June 6, 2019) for letter requests pursuant to L.R. 116.3.

## LOCAL RULES 7.1 and 112.1 CERTIFICATION

I hereby certify that undersigned counsel has conferred with counsel for the United States in a good-faith effort to resolve or narrow the issues raised as to the request for information regarding exculpatory bias by this Motion.

/s/ Thomas M. Hoopes<br>
Thomas M. Hoopes, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on May 7, 2020.

/s/ Thomas M. Hoopes
Thomas M. Hoopes, Esq.