UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-cr-10141-LTS |
| | ) | |
| SHELLEY M. RICHMOND JOSEPH | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR STAY PENDING APPEAL**

On July 27, 2020, the Court denied Defendants' motions to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b).  *See* ECF No. 142.  Judge Joseph has appealed the Court's decision, ECF No. 147, and now moves to stay all further proceedings in this case during the pendency of the appeals.

**ARGUMENT**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the [district] court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  And, after the filing of a notice of appeal premised on the collateral order doctrine, "if further district court proceedings would violate the very right being asserted in the appeal taken under the collateral order doctrine"—as it would in the appeal of a denial of immunity—"the pendency of the appeal … oust[s] the district court of authority to proceed, at least if the appeal is properly taken and not patently frivolous."  16A Wright et al., *Federal Practice & Procedure* § 3949.1 (5th ed. 2019) (footnotes omitted); *see, e.g.*, *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998); *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

1

The result is that a district court faced with a non-frivolous notice of appeal in a case of this kind must stay district-court proceedings pending the appeal. As the First Circuit explained in *Hegarty v. Somerset Cty.*, 25 F.3d 17 (1st Cir. 1994), in which five police officers took an interlocutory appeal of a district court's denial of qualified immunity, "[a] qualified immunity defense, is an immunity from suit[,] and the rationale for allowing an immediate appeal from the denial of qualified immunity is that the immunity from suit is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 17-18 "[I]mmunity from suit," the court noted, "includes protections from the burdens of discovery." *Id.*; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). Any such stay, the First Circuit added, "ordinarily must carry over through the appellate court's resolution of [the relevant] question, so long as the appeal is non-frivolous." *Hegarty*, 25 F.3d at 18. As a result, where further proceedings in district court "would violate the very right being asserted in the appeal taken under the collateral order doctrine," Wright et al., *supra*, at § 3949.1, unless the appeal "constitutes a transparently frivolous attempt to impede the progress of the case," *Brooks*, 145 F.3d at 456, district-court proceedings should be stayed pending resolution of the appeal.

That rule applies here. First, Judge Joseph is entitled to appeal the denial of her motion to dismiss on the ground of judicial immunity, and is entitled to a stay on that basis. The denial of a judicial immunity defense is an immediately appealable collateral order for the same reason the denial of a qualified immunity defense is: Such a defense is an immunity from suit, not merely from conviction or liability, and such an immunity is lost if the case is allowed to proceed pending appeal. *See Hegarty*, 25 F.3d at 18. For

this reason, courts have uniformly concluded that the denial of a substantial claim of judicial immunity, like Judge Joseph's, may be appealed on an interlocutory basis. *See Russell v. Richardson*, 905 F.3d 239, 246 (3d Cir. 2018); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994); *Branson v. City of Los Angeles*, 912 F.2d 334, 335 n.1 (9th Cir. 1990). The fact that this is a criminal case does not change that rule: As the Supreme Court has explained, the denial of a "right not to be tried" gives rise to an immediate appeal, *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989); *see also Abney v. United States*, 431 U.S. 651, 659 (1977), and courts have applied this principle to permit immediate appeals of the denial of judicial immunity in the criminal context, *see United States v. Claiborne*, 727 F.2d 842, 844-845 (9th Cir. 1984); *United States v. Hastings*, 681 F.2d 706, 708-709 & n.5 (11th Cir. 1982). Any further proceedings should thus be stayed under the rule articulated in *Hegarty*.

  Second, Judge Joseph is also entitled to a stay because she also raises the important issue of whether the prosecution violates the Tenth Amendment—and the appeal of the Court's rejection of this defense likewise warrants a stay. Like the denial of an Eleventh Amendment immunity defense, which the Supreme Court held immediately appealable in *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), the denial of a Tenth Amendment defense "involves a claim to a fundamental constitutional protection" that will be lost if the claimant must proceed to trial, *id.* at 145. Indeed, the Tenth Circuit held exactly that in *Robertson v. Morgan County*, 166 F.3d 1222, 1999 WL 17787 (10th Cir. 1999) (per curiam) (unpub.). The defendant there, a board of county commissioners, took an interlocutory appeal of the district court's denial of its motion to dismiss. *Id.* at *1. It argued, among other things, that it was entitled to

raise a Tenth Amendment claim on appeal, notwithstanding the interlocutory posture of the case. *Id.* at *4. The Tenth Circuit agreed. *Id.* at *2. It explained that the decision below "involve[d] the rejection of a claim to a fundamental constitutional protection whose resolution generally will have no bearing on the merits of the underlying action," and so could be appealed under the collateral-order doctrine. *Id.* (citing *Puerto Rico Aqueduct*, 506 U.S. at 145). And, the court added, "to subject a state entity claiming that it is immune from being forced to perform a federally mandated duty under the Tenth Amendment to litigation" raised the same concerns that the Supreme Court described in *Puerto Rico Aqueduct, id.*—that is, "a concern that States not be unduly burdened by litigation" and "that the States' dignitary interests can be fully vindicated," *Puerto Rico Aqueduct*, 506 U.S. at 146. For that reason, Judge Joseph is also entitled to a stay pending appeal in light of the Tenth Amendment arguments that will be raised on appeal.

Finally, Judge Joseph's appeal is certainly not "transparently frivolous," *Brooks*, 145 F.3d at 456, and so the Court should stay further proceedings. A "frivolous" action or appeal is one that "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)—a "low bar" to clear, *Shapiro v. McManus*, 135 S. Ct. 450, 456 (2015). As the First Circuit suggested in *Brooks*, a finding of frivolity is generally appropriate only where an appeal "constitutes a transparent[] … attempt to impede the progress of the case." *Brooks*, 145 F.3d at 456; *accord, e.g., Bluestein v. Central Wisconsin Anesthesiology, S.C.*, 769 F.3d 944, 957 (7th Cir. 2014). Judge Joseph's appeal is plainly not frivolous.

Judge Joseph's immunity claim is far from "frivolous." As Judge Joseph explained in her motion to dismiss, the indictment amounts to the criminalization of tasks

4

that are quintessentially judicial, and so violates "time-honored" principles of judicial immunity. *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019); *see* ECF No. 60 at 9-15. The Court's denial of the motion to dismiss on those grounds raises important and novel questions about the extent to which this doctrine applies in a criminal case—a question never resolved by the Supreme Court. *See* ECF No. 142 at 5 ("Order") (recognizing that question was "hotly contest[ed]" by the parties). The outpouring of amicus support for Judge Joseph, including by the Commonwealth of Massachusetts and a coalition of retired judges, *see, e.g.*, ECF Nos. 66, 71, 77, 81, 92, underscore the highly unusual nature of this prosecution and that Judge Joseph's immunity defense (among others) is substantial. Moreover, the manner in which this Court resolved that question is at least open to question: The Court held that Judge Joseph's immunity defense failed because the government alleged in the indictment that Judge Joseph "acted 'corruptly,'" *id.* at 5, reasoning that confounds the distinction between an *act* of corruption, such as bribery, and the *mental state* that accompanies a judicial act, such as the "corrupt intent" alleged in the indictment. In fact, that distinction forms the line of demarcation between acts which are non-judicial, and as to which a judge does not receive immunity, and acts which are judicial, as to which the judge has immunity even if the judicial act was taken with corrupt intent. The Supreme Court has acknowledged as much, explaining that judicial immunity "applies even when [a] judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). At a minimum, there is no basis to conclude that the appeal is "frivolous."

      Judge Joseph's Tenth Amendment claims are likewise substantial, not frivolous. As Judge Joseph explained in her motion to dismiss, the Tenth Amendment bars the

federal government from "command[ing] the States' officers … to administer or enforce a federal regulatory program, *Printz v. United States*, 521 U.S. 898, 935 (1997), but the prosecution here does exactly that by criminalizing Defendants' alleged acts of non-cooperation with federal immigration enforcement officials. *See* ECF No. 60 at 25-29. Again, the Court's resolution of this argument is at least open to question: The Court reasoned that this question "require[d] the assessment of disputed facts, characterization of the events underlying the Indictment, or other evidentiary analysis," Order 6, but Defendants advanced no "fact-laden" challenge to the Indictment, instead accepting its allegations as true for the purpose of the motion to dismiss. Her Tenth Amendment defense depends not on any resolution of disputed facts but instead upon a threshold legal determination of whether the very prosecution itself runs afoul of the Constitution. It is, at the very least, not "frivolous," and so there is no ground to decline to stay proceedings.

For these reasons, the Court should stay all further proceedings in this case pending Judge Joseph's appeal.

Respectfully Submitted,

SHELLEY M. RICHMOND JOSEPH

/s/ Thomas M. Hoopes
THOMAS M. HOOPES, ESQ.
BBO No. 239340
/s/ Douglas S. Brooks
DOUGLAS S. BROOKS, ESQ.
BBO No. 636697
LibbyHoopes, P.C.
399 Boylston Street
Boston, MA 02116
617.338.9300
Email: thoopes@libbyhoopes.com

/s/ Elizabeth N. Mulvey
Elizabeth N. Mulvey
BBO No. 542091
Crowe & Mulvey, LLP
77 Franklin Street, 3rd Floor
Boston, MA  02110
Tel: 617-426-4488
emulvey@croweandmulvey.com

DATE: August 31, 2020

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies/PDFs will be sent by regular mail/email on this date to those indicated as non-registered participants.

/s/ Thomas M. Hoopes