UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| (1) SHELLEY M. RICHMOND JOSEPH and ) | |
| (2) WESLEY MACGREGOR, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' OPPOSITION TO DEFENDANTS' MOTIONS FOR STAY PENDING APPEAL

The United States respectfully opposes the defendants' motions to stay the District Court's proceedings pending the defendants' interlocutory appeals (Doc. Nos. 153, 155). The appeals challenge this Court's denial of the defendants' motions to dismiss the indictment based on two defenses, the Tenth Amendment (both defendants) and judicial immunity (defendant Joseph only). The Court should deny the motions to stay because the Court's Order is not a final decision on either defense and therefore is not appealable, and because the appeals are patently meritless in any event. In the alternative, if the Court allows the motions to stay, it should continue to exercise control over matters, such as the pending discovery motions, that are not related to the issues on appeal.

## PROCEDURAL HISTORY

On April 25, 2019, a grand jury returned a four-count indictment charging both defendants, Shelley Joseph and Wesley MacGregor, with Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 1512(k) (Count One); Obstruction of Justice and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c) and 2 (Count Two); and Obstruction of a Federal Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1505 and 2 (Count Three). The indictment also charges MacGregor with Perjury, in violation of 18 U.S.C. § 1623 (Count Four).

On September 6, 2019, Joseph and MacGregor filed separate motions to dismiss Counts One to Three of the indictment. (MacGregor did not move to dismiss the perjury charge.) Both defendants argued that the indictment fails to state an offense against them, that the prosecution of the defendants violates the Tenth Amendment anti-commandeering doctrine, and that the charging statutes are unconstitutionally vague. In addition, Joseph argued that the doctrine of judicial immunity bars her prosecution. The government opposed both motions. The Court held a hearing on the motions on July 11, 2020, and denied the motions on July 27, 2020.

On August 10, 2020, the defendants filed notices of interlocutory appeal. On August 31, 2020, the defendants filed motions to stay the District Court's proceedings pending appeal. In their motions the defendants represent that they both are appealing this Court's ruling on their Tenth Amendment defense, and Joseph is appealing the ruling on her judicial immunity defense. *See* Doc. No. 154-155.

## THE PARTIES' ARGUMENTS, AND THE COURT'S RULING, ON THE MOTIONS TO DISMISS

In the dismissal motion briefing the parties made the following arguments concerning the Tenth Amendment and judicial immunity defenses, and the Court ruled as follows.

**1. The Tenth Amendment Defense**

The defendants argued that they are being prosecuted for failing to enforce federal immigration laws, in alleged violation of the Tenth Amendment anti-commandeering doctrine. *See* Joseph Memo. in Support of Mot. to Dismiss (Doc. No. 60) at 26-29; MacGregor Memo. in Support of Mot. to Dismiss (Doc. No. 62) at 16-20. The government contended that the defendants are not charged with failing to enforce federal immigration laws, *i.e.*, failing to assist the ICE Officer in executing the immigration detainer and warrant for A.S. Rather, they are charged with corruptly impeding an immigration proceeding by affirmatively helping an alien

evade lawful arrest by an ICE Officer. *See* U.S. Opp. to Joseph Mot. to Dismiss (Doc. No. 98) at 29-31; U.S. Opp. to MacGregor Mot. to Dismiss (Doc. No. 99) at 16-18. The Court held:

> . . . [T]he defendants characterize the Indictment as criminalizing their "lawful decision not to assist" the ICE officer in administering federal immigration laws, Joseph's "decisions about how to manage [her] courtroom[]," and MacGregor's "exercise of his daily duties." Doc. No. 60 at 31, 34; Doc. No. 62 at 16, 18; *see also* Doc. No. 115 at 24 (suggesting Joseph engaged in only "lawful and discretionary acts" and "did not 'affirmatively impede' anything"). At bottom, the defendants' constitutional argument[] require[s] the assessment of disputed facts, characterizations of the events underlying the Indictment, or other evidentiary analysis. Such fact-laden determinations are outside the scope of a motion to dismiss. Because the Indictment complies with the governing legal standard, [the Tenth Amendment] challenge [does not] provide an avenue to dismissal.

Order Denying Motions to Dismiss (Doc. No. 142) at 6-7.

   **2. The Judicial Immunity Defense**

Joseph argued that her allegedly criminal conduct constituted a judicial act and judicial immunity for judicial acts applies in criminal cases. *See* Joseph Memo. in Support of Mot. to Dismiss (Doc. No. 60) at 9-15. The government maintained that Joseph's conduct did not constitute a judicial act, and, even if it did, judicial immunity does not apply in a criminal case. *See* U.S. Opp. to Joseph Mot. to Dismiss (Doc. No. 98) at 7-16. The Court held:

> The parties hotly contest whether judicial immunity insulates against criminal liability or is restricted to civil lawsuits. . . . The Court need not now resolve this question, for even if judicial immunity extends to the criminal context, it would apply only where "judicial acts performed within a judge's jurisdiction" are concerned. *In re Kendall*, 712 F.3d 814, 833-37 (3d Cir. 2013) (Roth, J., concurring); *see Zenon v. Guzman*, 924 F.3d 611, 616-20 (1st Cir. 2019) (engaging in a fact-intensive analysis of the nature and function of the conduct at issue to determine whether judicial immunity from civil suit applied); *see also Mireles v. Waco*, 502 U.S. 9, 9 n.1, 11-12 (1991) (noting judges are "not *absolutely* immune from criminal liability" (emphasis added)). Of course, any such immunity, if it exists, would never shield "corruption or bribery." *In re Kendall*, 712 F.3d at 834. Where the Indictment charges that Joseph acted "corruptly," Doc. No. 1 ¶¶ 27, 30, 38, 40, 42, it is not within this Court's province on a motion to dismiss to determine whether judicial immunity, even if its reach encompasses criminal liability, provides a viable shelter for Joseph in the circumstances alleged here. *See Stepanets*, 879 F.3d at 372 (explaining

> "that a court must deny a motion to dismiss if the motion relies on disputed facts").

Order Denying Motions to Dismiss (Doc. No. 142) at 5.

## STANDARD OF REVIEW

### 1. Interlocutory Appeals

The Court of Appeals has jurisdiction only over "final decisions" by the District Court. 28 U.S.C. § 1291.

> Given this statute, interlocutory appeals – appeals before the end of district court proceedings – are the exception, not the rule. The statute recognizes that rules that permit too many interlocutory appeals can cause harm. An interlocutory appeal can make it more difficult for trial judges to do their basic job – supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary.

*Johnson v. Jones*, 515 U.S. 304, 309 (1995).

For a so-called collateral order to constitute a "final decision," it must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Id.* at 310 (internal quotation marks omitted). The Supreme Court has "interpreted the collateral order exception 'with the utmost strictness' in criminal cases." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)).

### 2. The Divestiture Rule

Ordinarily, the filing of a notice of appeal "'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Donahue v. Fed. Nat'l Mortgage Ass'n*, __ F.3d __, 2020 WL 4726653, at *3 (1st Cir. Aug. 14, 2020) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The divestiture rule is not based on a statute and is not jurisdictional. *See United States v. Carpenter*,

941 F.3d 1, 6 (1st Cir. 2019). It is "rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case." *United States v. Rodríguez-Rosado*, 909 F.3d 472, 477-78 (1st Cir. 2018). The divestiture rule does not apply "'if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case,'" for example, by being "'patently meritless.'" *Donahue*, 2020 WL 4726653, at *3 (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998); *Rivera-Torres v. Ortiz-Velez*, 341 F.3d 86, 96 (1st Cir. 2003)).

## ARGUMENT

I. **The Court Should Deny the Motions to Stay**

    A. **The Defendants Have Appealed from a Decision That Is Not Final and Therefore Is Not Appealable**

As noted above, one of the requirements for a collateral order to constitute a final decision is that it conclusively determine the disputed question. *See Johnson*, 515 U.S. at 310. The Court's denial of the motions to dismiss the indictment did not do so. It did not finally adjudicate either the defendants' Tenth Amendment defense or Joseph's judicial immunity defense. The Court did not reach the merits of the Tenth Amendment defense, reasoning that it requires "the assessment of disputed facts, characterizations of the events underlying the Indictment, or other evidentiary analysis," which the Court described as "fact-laden determinations." Order (Doc. No. 142) at 6-7. Nor did it reach the issue of whether judicial immunity applies in a criminal case. The Court reasoned that, even assuming it does apply, it would not be a rule of absolute immunity; it would extend only to judicial acts performed within a judge's jurisdiction; and the question of whether Joseph engaged in a judicial act is factually disputed. *Id.* at 5. Accordingly, the Court's Order is not a final, appealable decision. *See, e.g.,*

*Johnson*, 515 U.S. at 313 (holding that a district court order denying a defendant's qualified immunity defense is not a final, appealable decision if it turns on disputed facts); *Filler v. Kellett*, 859 F.3d 148, 155 (1st Cir. 2017) (First Circuit lacked jurisdiction to hear interlocutory appeal of denial of motion to dismiss filed by prosecutor who claimed absolute immunity, because the availability of that defense turned on disputed facts); *District of Columbia v. Trump*, 959 F.3d 126, 132 (4th Cir. 2020) (Court of Appeals lacked jurisdiction to hear interlocutory appeal on issue of President's claim of absolute immunity because the district court had not issued a final decision denying the claim).

With regard to the Tenth Amendment defense, the Court's Order is unappealable for a second reason: that defense is effectively reviewable on appeal from a final judgment. *See Johnson*, 515 U.S. at 310. A decision is effectively unreviewable on appeal from a final judgment "only where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *United States v. MacDonald*, 435 U.S. 850, 860 (1978)); *see also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982) (noting the "crucial distinction" between a right not be tried, which "falls in the category of rights that can be enjoyed only if vindicated prior to trial," and a right "whose remedy requires the dismissal of charges," which does not). The Supreme Court has found denials of only three types of motions in criminal cases to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause. *See Midland Asphalt Corp.*, 489 U.S. at 799 (citing *Stack v. Boyle*, 342 U.S. 1 (1951); *Abney v. United States*, 431 U.S. 651 (1977); *Helstoski v. Meanor*, 442 U.S. 500 (1979)). A district court's denial of a motion to dismiss an indictment on other grounds is not immediately appealable because it is effectively reviewable on appeal from a final judgment. *See, e.g., United*

*States v. Ramirez-Burgos*, 44 F.3d 17, 19 (1st Cir. 1995). That is so even if the motion is "founded on a valid constitutional right." *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014).

Because the defendants' appeals are based on a nonappealable order, the divestiture rule does not apply. *See Donahue*, 2020 WL 4726653, at *3 (citing *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)). Therefore, the Court should deny the motions to stay.

### B. The Appeals Are Patently Meritless

A second, independent reason why the Court should deny the motions to stay is that the appeals are patently meritless. *See id.* (citing *Rivera-Torres v. Ortiz-Velez*, 341 F.3d 86, 96 (1st Cir. 2003)).

With regard to the Tenth Amendment defense, the defendants plainly are not charged with failing to enforce federal immigration law. Joseph is charged with conspiring with the Defense Attorney at sidebar (and turning off the courtroom recorder to conceal their discussion) to create a pretext that would allow A.S. to go downstairs to the lockup after being released from court custody so that he could be let out the rear sally port exit of the Newton District Courthouse in order to evade arrest by the ICE Officer waiting in the front lobby, and with following through with that ruse. MacGregor is charged with conspiring with the Defense Attorney to release A.S. out the rear sally port exit, contrary to normal custom and practice, in order to help A.S. evade arrest by the ICE Officer, and with following through with that plan. Thus, both defendants are charged with affirmatively, corruptly impeding an immigration proceeding. Neither is charged with passively failing to assist the ICE Officer. The distinction between failing to assist and actively impeding ICE was underscored in a policy issued in November 2017 by the Chief Justice of the Massachusetts Trial Court in response to the SJC's decision in *Lunn v. Commonwealth*, 78 N.E.3d 1143 (Mass. 2017). The policy stated that if a DHS official sought to take custody of a person who was no longer in court

custody – as was the case with A.S. once Joseph ordered his release – court personnel, while prohibited from "assist[ing] in the physical act of taking that individual into custody" also were prohibited from "imped[ing] DHS officials from doing so." Doc. No. 60-1 at 5; *see Ryan v. ICE*, __ F.3d __, 2020 WL 5201945, at *2 (1st Cir. Sept. 1, 2020) ("If an ICE officer attempts to effect a civil arrest of a noncitizen who is not in the court's custody, the policy instructs state-court personnel neither to impede nor to assist with the arrest.").

Joseph's judicial immunity defense is also patently meritless. To begin with, judicial immunity – which the Supreme Court has extended only to civil liability – applies only to judicial acts, and Joseph's conduct charged in the indictment was not a judicial act. Although ordering a defendant to be released from court custody is a judicial act, the act of effecting the release – removing handcuffs, returning property, deciding which door to use – is not. It is a ministerial act normally accomplished by a court officer or a probation officer. Furthermore, even if the indictment did charge Joseph with a criminal judicial act, "a judge is not absolutely immune from criminal liability." *Mireles v. Waco*, 502 U.S. 9, 10 n.1 (1991) (per curiam) (citing *Ex parte Virginia*, 100 U.S. 339, 348-49 (1879)). While Joseph correctly notes that the statement in *Mireles* is dictum, the Court of Appeals, like the District Court, is "bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings." *United States v. Tsarnaev*, 968 F.3d 24, 89 n.57 (1st Cir. 2020) (internal quotation marks omitted).

In sum, the Court should deny the motions to stay because the defendants have appealed from a nonappealable Order and because their appeals are patently meritless.

## II.     If the Court Allows the Motions to Stay, It Should Continue to Exercise Control Over Matters that Are Not Related to the Issues on Appeal.

As noted above, the filing of a notice of appeal from a final decision confers jurisdiction on the Court of Appeals. But it does not divest the District Court of jurisdiction. Rather, it "'divests the district court of its control over those aspects of the case involved in the appeal.'"

*Donahue*, 2020 WL 4726653, at *3 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

If the Court allows the motions to stay, the government respectfully requests that it continue to exercise control over aspects of the case not involved in the appeals, such as the pending discovery motions, to avoid further delay.[1] *See, e.g.*, *United States v. W.R. Grace*, 235 F.R.D. 692, 694 (D. Mont. 2006) (resolving discovery disputes despite government's pending interlocutory appeal that challenged district court's order limiting the government's trial presentation); *see also United States v. Reliant Energy Servs., Inc.*, 420 F. Supp. 2d 1043, 1049 (N.D. Cal. 2006) (deciding defendant's motion to dismiss indictment despite government's pending interlocutory appeal of pretrial evidentiary ruling); *United States v. Wright*, Crim. No. 16-10141-03-EFM, 2017 WL 4758963, at *2 (D. Kan. Oct. 20, 2017) (deciding defendant's motion for release on bond despite government's pending interlocutory appeal of dismissal of one of three counts in the indictment); *United States v. Rodriguez-Lopez*, Crim. No. 06-145-C, 2008 WL 4724489, at *1 (W.D. Ky. Oct. 24, 2008) (deciding government's Rule 15 motion to depose a witness despite defendant's pending interlocutory appeal of pretrial evidentiary ruling).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the motions to stay. In the alternative, if the Court allows the motions, the government requests that the Court continue to exercise control over aspects of the case not involved in the appeal, including by resolving the pending discovery motions.

---

[1] On July 27, 2020, the Court issued an Order denying one of the discovery motions (Joseph's motion to compel the production of grand jury legal instructions) and requiring the parties to submit certain documents *ex parte* for the Court's *in camera* review to assist the Court in resolving the other pending discovery motions. *See* Doc. No. 143. The government complied with the Order and presumes the defense did as well.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Christine Wichers*
DUSTIN CHAO
CHRISTINE WICHERS
Assistant U.S. Attorneys

**Certificate of Service**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 14, 2020.

*/s/ Christine Wichers*
Christine Wichers