**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHELLEY M. RICHMOND JOSEPH,<br><br>Defendant. | Crim. No. 19-10141-LTS<br><br>*Leave to file granted Sept. 15, 2020* |

**DEFENDANT SHELLEY M. RICHMOND JOSEPH'S**
**REPLY BRIEF IN SUPPORT OF HER MOTION TO STAY PROCEEDINGS**

The government's opposition provides no basis not to enter a stay of proceedings in this case pending appeal.

1.      The government's primary argument is that Judge Joseph is not entitled to appeal the Court's order denying her motion to dismiss, and so a stay is improper.  Opp. 5-7.  But the question before the Court is not whether Judge Joseph's appeal is proper (a question for the First Circuit); it is whether the appeal is "transparently frivolous," *Hegarty v. Somerset Cty.*, 25 F.3d 17, 18 (1st Cir. 1994).  The answer to that question is plainly no, and accordingly a stay should enter.

First, Judge Joseph is entitled to appeal the Court's denial of her motion to dismiss on judicial-immunity grounds.  As the government implicitly concedes, *see* Opp. 5-6, the denial of a judicial-immunity defense can generally be appealed on an interlocutory basis because such a defense confers an immunity from suit, not merely from conviction.  *See Russell v. Richardson*, 905 F.3d 239, 246 (3d Cir. 2018); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994); *Branson v. City of Los Angeles*, 912 F.2d 334, 335 n.1 (9th Cir. 1990).  The government's sole argument to the contrary is that Judge Joseph is not entitled to appeal the Court's rejection of her immunity

defense *here* because the Court did not "conclusively" adjudicate that defense.  Opp. 5-6.  That argument fails on multiple levels.

For one, the Court's rejection of Judge Joseph's judicial-immunity defense is sufficiently "conclusive" to be reviewed on appeal.  The denial of an assertion of immunity may be appealed on an interlocutory basis where it "turns on a question of law rather than fact."  *Filler v. Kellett*, 859 F.3d 148, 152 (1st Cir. 2017).  And "absolute immunity … only rarely turns on questions of fact."  *Id.  Filler* itself illustrates the exception, not the rule.  There, a putatively immune officer appealed the denial of a motion to dismiss on immunity grounds.  *Id.* at 151-152.  As the First Circuit explained, while that court has "interlocutory jurisdiction over [a] challenge to the District Court's ruling regarding absolute immunity," appellate jurisdiction was lacking in that case because the officer there, rather than "presenting a legal argument that she is entitled to the facts set forth in the complaint," had contested the veracity of the allegations themselves, thus advancing a "factual argument" inappropriate for an interlocutory appeal.  *Id.* at 154.  Judge Joseph, by contrast, "assumed" the allegations in the indictment "to be true" for the purpose of her motion to dismiss, ECF No. 60 at 8, and argued only that "she is entitled to absolute immunity based on [those] facts," *Filler*, 859 F.3d at 154.  *Accord, e.g.*, *Cady v. Walsh*, 753 F.3d 348, 359 (1st Cir. 2014) (interlocutory appeal of denial of immunity at summary-judgment stage permissible where officers argue "that, even drawing all the inferences as the district court concluded a jury permissibly could, they are entitled to judgment as a matter of law").

In any event, even if there were doubt as to whether appellate jurisdiction were proper here (and there is not), that is not dispositive of the question before the Court, which is not whether jurisdiction *exists*, but whether the assertion of jurisdiction is *colorable*—i.e., whether the appeal is "transparently frivolous," *Hegarty*, 25 F.3d at 18.  The cases that the government

cites prove the point:  Although the courts of appeals in both *Filler* and *District of Columbia v. Trump* ultimately concluded that appellate jurisdiction was lacking, in both cases proceedings were stayed in the district court pending appeal.  *See* Order at 2, *Filler v. Hancock Cnty.*, No. 1:15-cv-00048 (D. Me. Apr. 4, 2016) (ECF No. 60) (staying discovery and citing *Hegarty* for the proposition that "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed"); *In re Donald J. Trump*, No. 18-2486 (4th Cir. Dec. 20, 2018) (ECF No. 9) ("stay[ing] district court proceedings" pending appeal).  So too here:  Even if the First Circuit ultimately holds that Judge Joseph is not entitled to appeal, appellate jurisdiction is at the very least colorable—and hence a stay pending appeal is appropriate.

The government argues that the Court's rejection of Judge Joseph's Tenth Amendment defense (and only the rejection of her Tenth Amendment defense) is not immediately appealable because it is "effectively reviewable on appeal from final judgment."  Opp. 6.  As a preliminary matter, however, the Court has no need to reach this argument at all if it concludes that Judge Joseph is at least plausibly entitled to appeal the denial of her judicial-immunity defense.  The scope of the stay to which Judge Joseph is entitled does not turn on the basis (or bases) for her appeal; if she is entitled to appeal on judicial-immunity grounds, she is entitled to a stay.

In any event, the government's argument is incorrect.  As the Tenth Circuit held in *Robertson v. Morgan County*, 166 F.3d 1222, 1999 WL 17787 (10th Cir. 1999) (per curiam) (unpub.), the rejection of a plausible Tenth Amendment argument entails the loss of "claim to a fundamental constitutional protection whose resolution generally will have no bearing on the merits of the underlying action," *id.* at *2.  Subjecting a state or state officer to federal compulsion in violation of the Tenth Amendment implicates exactly the values that the Supreme Court cited in *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139

(1993), to justify immediate appeal: "that States not be unduly burdened by litigation" and "that the States' dignitary interests can be fully vindicated," *id.* at 146.  Judge Joseph is entitled to a stay for the same reasons.

2.     The government also argues that the Court should not stay proceedings because, even assuming that Judge Joseph's appeal is proper, her defenses are "patently meritless" *on the merits*.  Opp. 7-10.  That is not correct.  As Judge Joseph has explained, a "frivolous" action or appeal is one that "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Non-frivolity is "a low bar to clear."  *Shapiro v. McManus*, 135 S. Ct. 450, 456 (2015).  In the First Circuit, a finding of frivolity is generally appropriate only where an appeal "constitutes a transparent[] … attempt to impede the progress of the case."  *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998); *see Bluestein v. Central Wisconsin Anesthesiology, S.C.*, 769 F.3d 944, 957 (7th Cir. 2014) (an appeal is frivolous if it is "prosecuted with no reasonable expectation of [success] and for purposes of delay or harassment or out of sheer obstinacy").

The government's suggestion (Opp. 7-8) that Judge Joseph's appeal falls below this bar borders on the offensive.  The government has initiated an unprecedented prosecution of a sitting state court judge for lawful and discretionary actions that she is alleged to have taken within the scope of her judicial authority and while sitting on the bench.  Judge Joseph's motion to dismiss raises novel and complex questions of law, including whether and under what circumstances judicial immunity applies in a criminal case and the reach of the Tenth Amendment.  There is simply no credible argument that Judge Joseph's defenses on the merits are not substantial, and no basis whatsoever to suggest that she has appealed in an "attempt to impede the progress of the case," *Brooks*, 145 F.3d at 456.

3.      The government finally requests that, even if the Court grants a stay, it retain

jurisdiction over "aspects of the case not involved in the appeals, such as the pending discovery

motions." Opp. 8-9.  While a complete stay is warranted under the applicable standard, *see*

*Hegarty*, 25 F.3d at 18, given the government's expressed interest in efficiency, Judge Joseph

does not oppose the Court retaining jurisdiction over discovery matters, including the pending

discovery motions (ECF Nos. 105, 106, 128).

Dated:  September 24, 2020                    Respectfully submitted,

                                              SHELLEY M. RICHMOND JOSEPH

                                              /s/ Thomas M. Hoopes
                                              THOMAS M. HOOPES, ESQ.
                                              BBO No. 239340
                                              /s/ Douglas S. Brooks
                                              DOUGLAS S. BROOKS, ESQ.
                                              BBO No. 636697
                                              LibbyHoopes, P.C.
                                              399 Boylston Street
                                              Boston, MA 02116
                                              (617) 338-9300
                                              thoopes@libbyhoopes.com

                                              /s/ Elizabeth N. Mulvey
                                              ELIZABETH N. MULVEY
                                              BBO No. 542091
                                              Crowe & Mulvey LLP
                                              77 Franklin Street, 3rd Floor
                                              Boston, MA 02110
                                              (617) 426-4488
                                              emulvey@croweandmulvey.com

                                              *Counsel for Defendant Shelley M. Richmond*
                                              *Joseph*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Thomas M. Hoopes
THOMAS M. HOOPES