UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                                  ) | Criminal No. 1:19-cr-10141-LTS |
| ) | |
| ) | Leave to file granted April 6, 2022 |
| SHELLEY M. RICHMOND JOSEPH     ) | |
| and                                                             ) | |
| WESLEY MACGREGOR                        ) | |

**JUDGE SHELLEY M. RICHMOND JOSEPH'S FURTHER SUPPORTING MEMORANDUM FOR HER MOTION ENTITLED "FIRST SUPPLEMENTAL MOTION TO COMPEL EVIDENCE OF BIAS" [ECF NO. 130]**

**INTRODUCTION**

On May 7, 2020, Judge Joseph filed a motion to compel the government to produce exculpatory evidence demonstrating politically motivated institutional bias against her by DHS/ICE.  *See* Judge Shelley M. Richmond Joseph's First Supplemental Motion to Compel Evidence of Bias.  ECF Nos. 130, 131, and 137.  That motion detailed circumstantial evidence of the then administration's political bias in seeking this indictment and its desire to send a forceful warning message to those supporting sanctuary cities and undocumented immigrants.  The information available at that time demonstrated that DHS/ICE officials and employees were a critical part of the "Prosecution Team," including senior officials who lobbied the Massachusetts United States to prosecute Judge Joseph, an ICE employee who coordinated witnesses for their grand jury testimony and otherwise assisted in the prosecution, and the key DHS/ICE officers who initially reported their [disputed] version of the underlying incident.

While this matter and motion were stayed pending appeal, the American Civil Liberties Union of Massachusetts ("ACLUM") filed a FOIA action against ICE seeking documents showing that DHS/ICE had sought to leverage this criminal prosecution to pressure

1

Massachusetts judges to exercise their official powers to assist ICE's deportation efforts, and to punish judges who did not abide by ICE's commands. *See* Complaint, *American Civil Liberties Union of Massachusetts Inc. and American Oversight v. U.S. Immigration and Customs Enforcement*, No. 1:21-cv-10761, ECF No. 1 (D. Mass. May 10, 2021) (hereinafter "ACLUM litigation").

ACLUM's ongoing efforts, which have met with continual staunch resistance from ICE, have thus far yielded a small but devastating cache of documents. Though limited by government stonewalling and redaction, several email chains clearly establish four facts that support Judge Joseph's motion:

1) Even before the indictment, ICE officials were discussing it in terms that evinced not only clear violations of Fed. R. Crim. P. 6(e) but a near rabid interest in prosecution;

2) When the indictment was announced, ICE officials celebrated it as a "great day" and "Blessed," suggesting far more than a professional interest in bringing alleged offenders to justice, but rather a strong political bias against Judge Joseph;

3) After the indictment was announced, ICE officials, at the request of the White House, specifically sought to leverage the news to get publicity in support of their political "message" in a "conservative" news outlet (Howie Carr's radio show);

4) Further Court-ordered discovery is required to reveal the full extent of the bias.

Though restricted and redacted, the documents obtained by the ACLUM nevertheless provide the Court with additional support for the defendant's contentions and requests set forth

in ECF Nos. 130, 131, 137; and clarify the scope of the search that should be required – either by this Court in allowing ECF No. 130 or by the government in willingly complying with its discovery obligations without a court order.  Finally, the documents raise one additional issue: substantial evidence of further Fed. R. Crim. P. 6(e) violations, which are separate and in addition to those articulated in *Judge Shelley M. Richmond Joseph's Second Supplementary Motion to Compel Evidence Regarding Bias Arising Out Of Impermissible Leaks And Request For Independent Investigation of Leaks If No Investigation Has Yet Been Done* (ECF No. 127).

## DOCUMENTS PRODUCED/GOVERNMENT PLEADING STATEMENTS MADE

### Documents Provided with or without Redactions

In response to the FOIA requests, ICE eventually produced some 83 documents (emails but no texts) to the ACLUM.  A substantial portion were duplicates; a smaller subset were not.  Many of those produced were created by ICE after the date and time of the indictment.  *See* ACLUM Litigation, ECF No. 33-17 at 1-87.  Critically however, two email chains were created from six weeks to one day prior to the indictment, and three other relevant chains were created on the day of the indictment.  These select email strings are attached to the accompanying affidavit as Exhibits 1-5.  *See* Affidavit of Thomas M. Hoopes, Esq.

### Information Gleaned from the Litigation Pleadings

Further, in its litigation pleadings, ICE stated that it had withheld certain records because the documents were in essence *Jencks* material, subject to the investigatory privilege – but arguably within the ambit of this Court's order for production by the government for *in camera* inspection.[1]  *See* ECF No. 143.

---

[1] The government stated: "[T]he records at issue, contain specific names of law enforcement personnel, and/or identifying potential witnesses (including non-ICE personnel) interviewed in the investigation of Judge Joseph and Officer MacGregor … as well as information gathered from these interviews." *See* ACLUM Litigation, ECF No. 26 at 9 (emphasis added).  The government additionally stated: "[I]ndeed, the documents sought by Plaintiffs in their

**ARGUMENT**

**THE FIVE EMAIL STRINGS STRONGLY SUPPORT THE DEFENDANT'S SPECIFIC REQUEST FOR EXCULPATORY EVIDENCE (ECF Nos. 130, 131, and 137)**

The email strings provide ample evidence supporting the defendant's contentions in ECF Nos. 130, 131, and 137 that political bias infected ICE at all levels – from its Boston street agents to the top Washington officials.  The defendant's accompanying memorandum (ECF No. 131) already detailed critical facts: from the president's actions, to calls from DHS/ICE to the United States Attorney for the District of Massachusetts advocating indictment, to the United States Attorney's change of heart following subsequent, ICE-induced, front-page publicity, to continued anti-immigrant messaging from ICE's local enforcement chief, Todd Lyons.  The memorandum further detailed the extraordinary "deal" offered to the lawyer-mastermind of the scheme to get his client out of the courthouse and his plan falsely to place blame on Judge Joseph—a much more politically desirable target – and escape not only incarceration but any criminal liability whatsoever.

These email strings provide new and concrete evidence that further supports the previously established inference of institutional bias, including:

- ICE was so eager, from Boston to Washington, D.C., to assure an indictment supporting its political message, especially to all those that opposed its immigration policies, that ICE's Special Agent in Charge (SAC) **Peter C. Fitzhugh**, in an email dated March 6, 2019 and entitled "Investigative Update," communicated to his superiors in Washington, in writing and by inference orally, that an indictment was imminent – *six weeks prior* to the actual indictment.  *See* attached hereto as Ex.1.
- In an email entitled "Anticipated Indictment" and dated April 24, 2019 – *the day before* the indictment -- someone **unknown** (due to redactions) from the Boston ICE office communicated that the indictment would occur the next day (April 25, 2019).  *See* attached hereto as Ex. 2.  This email was sent up the chain of ICE command to the Acting Director of ICE in Washington D.C. (**Matthew Albence**).

---

FOIA request discuss in detail the investigation at issue, including those individuals and witnesses present on the day of the incident, who provided information concerning the alleged criminal activities at issue therein"  *See id.* at 12.

4

- Another email string circulated among senior ICE officials in Washington D.C. the day of the indictment (April 25, 2019) laid out in ICE's own words its desire as a government institution to maximize the political impact of the indictment – to get out, as the email says, its "*conservative*" "*message*." See attached hereto as Ex. 5.[2]
- In another email string, again circulated that same day of the indictment, senior ICE officials invoked religious overtones, calling the indictment "*blessed*." See attached hereto as Ex. 4.

No barrier of law, rule or decorum was permitted to stand in the way of these ICE officials' political agenda and zealotry.

**THE SEARCH AND DISCLOSURE PROCESS MUST BE FULL, COMPLETE AND TIMELY**

First, under discovery rules, this core group of exculpatory, ICE-generated, "self-incriminating" documents must be provided to the defense in *unredacted form*, together with the report or reports containing witness statements either attached or referenced in the government's ACLUM litigation pleadings.[3] Certainly, the documents, even in their redacted form, provide clear support for substantial political bias highly likely to infect the reporting, testimony, and processing by witnesses. Given the context, it is inconceivable that the unredacted material would not shed additional light on these crucial issues, all of which go to an element of the offense as articulated in ECF No. 137.

---

[2] The email additionally stated: "This request came through the WH [White House]. They asked for POTUS [the president of the United States], who is unavailable, so recommended ICE. *Howie Carr is a conservative and good place for our message*." *See* Ex. 5.

[3] Simple questions underscore the need: Why are there any redactions of names (or content) by ICE? What is there to hide? What is still being hidden?

5

Second, the evidence adduced in the ACLUM litigation further supports the defense request for a more extensive search at ICE-Boston and similar searches at other relevant government entities.[4] *See* ECF No. 131 at 7. [5]

Third, the documents must be produced *now*. *United States v. Owens*, 933 F. Supp. 76, 84 (D. Mass. 1996) (ordering exculpatory documents be produced immediately and noting "the *Brady* requirement must effectively trump the Jencks Act where the two are in direct conflict."). Not only do they go to an exculpatory element of the offense as explained in ECF No. 137, but the government itself in the ACLUM litigation has taken nearly two years to hand over the limited disclosure thus far. There is simply too much at stake to trust the same "government" to make full disclosure of the necessary information in a sufficiently timely manner for the defense to make proper use of it. Immediate production *with a statement to the Court* detailing the nature of its search and production (as was required in the ACLUM litigation) is a necessity.

**THE ACLUM LITIGATION EMAILS PROVIDE STRONG EVIDENCE OF FURTHER 6(e) VIOLATIONS BY ICE**

Fed. R. Cr. P. 6(e) permits an attorney for the government to disclose grand jury information *only* to a person to whom he or she "considers necessary to assist in performing that attorney's duty to enforce federal criminal law," and requires notice of the disclosure to the court, together with certification that the attorney has advised the person of his obligation of secrecy. While the government attorneys presumably complied with the rule, the only reasonable inference from the emails provided by ICE itself is that one or more of its agents

---

[4] The defendant has sought communications between and among (1) the president, (2) the Department of Homeland Security, (3) the Department of Justice, and (4) the United States Attorney's Office for the District of Massachusetts – as well as ICE Washington, <u>D.C., and ICE Boston.</u>

[5] The ACLUM Litigation requested searches of electronic communications of a limited number of senior Washington D.C.-based ICE officials. *See* ACLUM Litigation, ECF No. 1 at 4-5. Clearly, the evidence to date requires at least an additional search of the electronic communications of the Boston SAC Peter C. Fitzhugh and Todd Lyons, the Acting Director of the Boston ICE Field Office, who were not specifically named in the ACLUM request.

willfully violated the secrecy obligation.  Boston SAC Fitzhugh clearly had information regarding the status of the grand jury investigation, which he could have obtained only from the ICE agent coordinating the grand jury process or an unsuspecting AUSA.  His March 6, 2019 email provides irrefutable evidence that he impermissibly passed along grand jury secrets to his Washington, D.C. superiors, whom he knew had a keen interest in the outcome of the grand jury proceeding against Judge Joseph.  *See* Ex. 1. That "string" includes an exchange between Derek Benner, then ICE's Executive Associate Director, and Matthew Albence, then ICE's Acting Director**,** referencing the press ("this will grow legs") and in which Benner finally said: "Talked to SAC Boston today and we should know on Thursday." Second, on April 24, 2019, the day before the indictment, a clearly violative email was sent from an unknown person to ICE officials in Washington, D.C. entitled "***HSI Boston Anticipated Indictment of District Judge***," and including redacted information.

These emails simply underscore the extraordinary level of institutional political bias within ICE, generated by the president through his associate Mr. Homans and on to Mr. Albence and other senior ICE officials, and the extent to which the institution would go to get out its message – including leaking grand jury information.   Justice was second to their own personal and political "cause."

The defendant further requests that this Court order a hearing as to these 6(e) violations, separate or together with a hearing for those violations described in ECF No. 127.

                                  Respectfully submitted,

                                  SHELLEY M. RICHMOND JOSEPH
                                  */s/ Thomas M. Hoopes*
                                  THOMAS M. HOOPES, ESQ.
                                  BBO No. 239340

>/s/ Douglas S. Brooks
>DOUGLAS S. BROOKS, ESQ.
>BBO No. 636697
>Libby Hoopes Brooks, P.C.
>399 Boylston Street
>Boston, MA 02116
>617.338.9300
>Email: thoopes@lhblaw.com

>/s/ Elizabeth N. Mulvey
>ELIZABETH N. MULVEY, ESQ.
>Crowe & Mulvey
>77 Franklin Street, 3rd Floor
>Boston, MA 02110
>617.426.4488
>emulvey@croweandmulvey.com

Dated: April 12, 2022

## LOCAL RULES 7.1 and 112.1 CERTIFICATION

I hereby certify that undersigned counsel has previously conferred with counsel for the United States in a good-faith effort to resolve or narrow the issues raised by the original motion (ECF No. 130). Counsel for the government has previously filed an opposition (ECF 132).

>/s/ Thomas M. Hoopes
>Thomas M. Hoopes

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>/s/ Thomas M. Hoopes
>Thomas M. Hoopes