UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) Crim. No. 19-10141-LTS <br> SHELLEY M. RICHMOND JOSEPH, ) <br> ) *Leave to file granted April 13, 2022* <br> Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT JOSEPH'S FURTHER SUPPORTING MEMORANDUM IN SUPPORT OF HER "FIRST SUPPLEMENTAL MOTION TO COMPEL EVIDENCE OF BIAS" [ECF No. 172]**

Defendant Shelley Joseph has moved to compel the Government to produce evidence of "institutional bias" at ICE against persons who oppose the immigration policies ICE is charged with enforcing. (DN 172 at 4). Joseph speculates that such bias infected former U.S. Attorney Andrew Lelling's decisions to prosecute Joseph and to immunize the Defense Attorney. After Joseph filed her motion and supporting memorandum (DN 130, 131), the Government filed an Opposition (DN 132), and Joseph filed a reply brief (DN 137). Now she has filed a supplemental memorandum (DN 172). The Government respectfully submits this response to DN 172 in support of its request that the Court deny Joseph's motion.

1. **The Scope of the Requested Discovery**

Joseph seeks an order compelling the Government to search for and produce communications between the following persons and governmental entities:

> (1) communications between [former President Donald Trump] and the Department of Justice, the Department of Homeland Security (in Washington D.C. and Boston); (2) communications between the Department of Justice to and from the United States Attorney Office for Massachusetts, the Department of Homeland Security, ICE National and ICE Boston; (3) communications between the Department of Homeland Security to and from ICE National, ICE Boston, and the United States Attorney's Office for the District of Massachusetts; (4) communications from ICE National to and from ICE Boston and the United States

> Attorney's Office for the District of Massachusetts; (5) communications from ICE Boston to the United States Attorney's Office for the District of Massachusetts; and (6) communications *within* each of the named entities, that is, within the Department of Justice, the Department of Homeland Security (National and Boston), ICE National and Boston, and the United States Attorney's Office for the District of Massachusetts.

Memo. in Support of Mot. to Compel (DN 131) at 7 (footnote omitted); *accord* DN 172 at 6 n.4.

Joseph seeks communications on three topics:

> [I]nformation about (1) [former ICE Acting Director Thomas Homan]'s attempts to influence the charging decisions; (2) the genesis of [former] US Attorney Lelling's dramatic about-face with respect to the indictment of Judge Joseph; and (3) the genesis of the criticisms of Judge [Mary Beth] Heffernan, a material witness whom the government seems to view as guilty (although never charged) of the same type of offense alleged in this indictment.

Joseph Reply Brief (DN 137) at 2. She has identified the time period of the requested communications as April 2, 2018 – present. *Id.*

### 2. The Requested Communications Are Not *Brady* Material

Joseph argues that the requested communications could "affect the credibility of evidence offered or at issue." DN 137 at 1. She is on a fishing expedition. She has not even tried to explain how evidence of alleged political bias by some ICE officials could possibly affect the credibility of a witness's testimony. The Court should reject Joseph's request.

> "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Similarly, *Brady* does not permit a defendant "to conduct an *in camera* fishing expedition through the government's files . . . ." Indeed, "there is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." Instead, "to establish a violation of *Brady*, a defendant must provide the court with some indication that the materials to which he . . . needs access contain material and potentially exculpatory evidence."

*United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *United States v. Pou*, 953 F.2d 363, 367 (8th Cir. 1992); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Brandon*, 17 F.3d 409, 456 (1st Cir. 1994)).

3. **The Requested Communications Are Not Otherwise Discoverable**

As the Government explained in its Opposition:

- To the extent that the requested communications concern this case, Fed. R. Crim. P. 16(a)(2) provides that they are not discoverable. DN 132 at 2-3.

- Communications not about this case are irrelevant and not discoverable. DN 132 at 3.

- Regardless of their subject matter, the requested communications are protected by the deliberative-process privilege. DN 132 at 3.

- Joseph's allegation that the requested communications will show political bias is misplaced. Under L.R. 116.2(b)(2)(D), only evidence of bias against Joseph *by a witness the government plans to call at trial* is discoverable. DN 132 at 3-4 & n.1.

- Arguing that one's prosecution is politically motivated is not a basis for discovery. DN 132 at 4.

- Mr. Lelling's decision to immunize the Defense Attorney was not remarkable, much less suspect. DN 132 at 6-7.[1]

4. **Emails Obtained by the ACLU in Its FOIA Lawsuit Against ICE Do Not Change the Analysis**

Joseph has attached to her recent submission five email threads obtained by the ACLU in its FOIA lawsuit against ICE.[2] They can be summarized as follows:

---

[1] The Government's Opposition also discusses the high hurdles Joseph would need to clear if her allegation of political bias were actually a claim of either selective or vindictive prosecution. DN 132 at 4-6 & n.2. It appears that Joseph, whose recent submission mentions neither theory, is not pursuing either one. *See* DN 172.

[2] According to the docket in the FOIA lawsuit, the parties' cross-motions for summary judgment are scheduled to be heard on April 26, 2022. *ACLU of Mass. v. ICE*, C.A. No. 21-10761-AK (D. Mass.).

- On March 6, 2019, then-Acting ICE Director Matthew Albence, having received a link to the *Boston Globe*'s December 1, 2018 story about the grand jury investigation into the incident at Newton District Court,[3] wrote, "It would be great to see the USA prosecute this." (DN 172-2)

- On April 24, 2019, the day before the indictment, senior ICE officials received an email that HSI-Boston anticipated Joseph would be indicted.[4] Then-ICE Chief of Staff Thomas Blank wrote, "Incredible story." (DN 172-3)

- Three other threads contain emails exchanged after the indictment was unsealed. In them, certain ICE officials expressed enthusiasm for the indictment. (DN 172-4 through DN 172-6)

These emails are neither surprising nor improper. They show that certain ICE officials felt strongly that Joseph broke the law and should be held accountable. It is not the least bit unusual for officials with a law enforcement agency to express hope that a matter their agency is investigating will result in an indictment, or to express support for such an indictment after it is issued. Nothing about these emails changes the discoverability analysis.

Finally, Joseph asserts that Rule 6(e) was violated when the then-SAC of HSI Boston learned the status of the (already publicly disclosed) grand jury investigation and forwarded that information to his superiors in Washington. DN 172 at 7. Joseph's allegation ignores the rule

---

[3] Andrea Estes and Maria Cramer, "ICE Agent Was in the Courthouse. Did Judge and Others Help Man Flee?," *Boston Globe* (Dec. 1, 2018), https://www.bostonglobe.com/metro/2018/12/01/newton-judge-role-reportedly-examined-after-immigrant-evades-ice/Mshdn3gIlPZhVA7mZ9fa3M/story.html.

[4] Homeland Security Investigations (HSI) is the investigative arm of ICE. Most of HSI's 7,100 special agents are assigned to one of HSI's Special Agent in Charge (SAC) offices or multiple sub-offices located in 225 cities across the U.S. https://www.ice.gov/about-ice/homeland-security-investigations.

permitting the disclosure of grand jury matters to "any government personnel . . . that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law." Fed. R. Crim. P. 6(e)(3)(A)(ii). In any event, Joseph's argument is irrelevant to the merits of her motion to compel.

## CONCLUSION

For the foregoing reasons and the reasons stated in its Opposition (DN 132), the Government respectfully requests that the Court deny Joseph's motion to compel.

Respectfully submitted,

ZACHARY A. CUNHA
UNITED STATES ATTORNEY
Acting Under Authority Conferred by 28 U.S.C. § 515

By: */s/ Christine Wichers*
Dustin Chao
Christine Wichers
Assistant U.S. Attorneys

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 16, 2022.

*/s/ Christine Wichers*
Christine Wichers